**Richard LIMON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14-81-562-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 1, 1982.

Discretionary Review Refused
June 23, 1982.

Clyde DeWitt, III, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction for voluntary manslaughter arising out of a shooting incident. The questions presented are (1) whether the trial court erred in refusing to allow testimony tending to show the violent character of the deceased; (2) whether the trial court commented on the weight of the evidence; (3) whether the

trial court erred in quashing subpoenas issued in connection with a motion for new trial alleging jury misconduct; (4) whether the trial court erred in refusing to request the appointment of another district judge to hear a motion to recuse; and (5) whether the trial judge erred in refusing to recuse himself.

On the evening of June 14, 1979 a group of people including Richard Limon (Limon or appellant) and Daniel Lopez (Lopez or deceased) had gathered outside the apartment of Larry and Donny Hoodye. An altercation arose in which Limon stabbed at Lopez with a knife. The two were controlled and everyone except Limon went inside the apartment. Later, Limon returned and was admitted upon a promise not to fight. Another altercation between Limon and Lopez occurred. Subsequently, Larry Hoodye told everyone to leave. During the exit Limon fired several shots which caused the death of Lopez and wounded a female member of the group. Limon was indicted for murder. In a trial before a jury he was convicted of the offense of voluntary manslaughter under Tex.Penal Code Ann. § 19.04 (Vernon 1974), and sentenced by the judge to ten years confinement in the Texas Department of Corrections. Appeal was perfected to this Court.

Appellant brings four grounds of error. He complains the trial court committed reversible error (1) by refusing to allow a witness to answer a question which was calculated to show the violent character of the deceased and in the process reprimanding defense counsel in front of the jury, (2) by quashing subpoenas in connection with appellant's Second Amended Motion for New Trial which raised the issue of jury misconduct, (3) by failing to request the appointment of another district judge to hear a motion to recuse, and (4) by the trial judge's refusal to recuse himself.

While Larry Hoodye was on the stand, appellant's trial counsel asked if he knew whether or not Lopez had been convicted of "assault to murder and armed robbery in Corpus Christi." An objection by the prosecutor was sustained by the court. After a conference at the bench the following statements were made:

THE COURT: The jury will disregard the comment made. It will be striken from the record. Gentlemen, let's continue according to the rules.

MR. JEFFERSON: (appellant's counsel): Your Honor, please, I take exception to the last comment.

THE COURT: You will have your exception noted.

MR. JEFFERSON: Wherein the court said something about the rules.

THE COURT: That's correct.

MR. JEFFERSON: There is no rule.

THE COURT: There will be no more of that. You may be seated, and I will hear you later.

MR. JEFFERSON: If Your Honor please.

THE COURT: No sir.

MR. JEFFERSON: The court has cut me down in front of the jury, and I am entitled to respond in front of the jury.

THE COURT: You will not respond in front of the jury to misconduct, and we will have no more of that.

MR. JEFFERSON: If Your Honor please, I move for a mistrial.

THE COURT: No. We will not discuss it further.

MR. JEFFERSON: What you were doing is in front of the jury.

THE COURT: Members of the jury, would you please retire to the jury room for a moment. You will be recalled shortly. Do not yet begin to discuss the case.

In his first ground of error appellant complains of both the action of the trial court in refusing to allow the witness to answer the question and the comments made to his trial counsel in the presence of the jury. In *Dempsy v. State*, 159 Tex. Cr.R. 602, 266 S.W.2d 875, 877–78 (1954), the Court of Criminal Appeals stated:

The defense may offer testimony as to any specific act of violence or misconduct which evidences the violent character of the deceased under the following conditions:

If offered for the purpose of showing the reasonableness of defendant's claims of apprehension of danger, it must further appear that the acts of violence or misconduct were known to the defendant at the time of the homicide.

But if offered for the purpose of showing the deceased was in fact the aggressor (not that the defendant thought the deceased was making or about to make an attack) the witness must know but it need not be shown that appellant had knowledge of the acts of violence of the deceased at the time of the homicide.

*Before any evidence of the deceased's character for violence becomes admissible, however, there must be evidence of some act of aggression by the deceased which the character tends to explain (such as drawing a gun or reaching for a pocket where one is usually carried).* (Emphasis added).

*See also Beecham v. State,* 580 S.W.2d 588 (Tex.Cr.App.1979).

■ In the facts before us there is no evidence of an act which needs to be explained by reputation. All violent acts were of a nature which would facilitate the jury deciding the issue of self-defense based on the acts themselves. We do not have an act such as reaching in a pocket where it would be important to know if a person had a reputation for carrying and using a weapon to properly evaluate a claim of self-defense. We hold that it was proper for the trial court to sustain the objection and exclude such matter as evidence.

■ It is appellant's second contention under this ground that the comments from the bench constituted a comment on the weight of the evidence in violation of Tex. Code Crim.Pro.Ann. art. 38.05 (Vernon 1979). To constitute reversible error such comments must be reasonably calculated to prejudice the rights of an accused. *Smith v. State,* 595 S.W.2d 120 (Tex.Cr.App.1980). The remarks in question were at most unguarded responses to defense counsel's insistence on pursuing an area which the judge had already ruled on and discussed with both counsel at the bench. We hold such comments were not calculated to benefit the State or to prejudice the appellant. *Carrillo v. State,* 591 S.W.2d 876, 893 (Tex. Cr.App.1979). Appellant's first ground of error is overruled.

■ In his second ground of error appellant complains of the trial court's action in quashing subpoenas requested in connection with a Second Amended Motion for New Trial in which misconduct during jury deliberation was asserted. However, not one of appellant's motions for new trial contained affidavits from jurors. Nor did they contain facts showing why he was unable to secure such affidavits or other circumstances sufficient to make it incumbent on the court to hear the evidence. It is well settled in Texas that something more than a mere allegation of jury misconduct is required, especially when that which is alleged to have occurred is within the jury room. The policy of this rule is to discourage "fishing expeditions." *Stephenson v. State,* 494 S.W.2d 900, 909 (Tex.Cr. App.1973). We hold the court did not err in quashing the subpoenas and overruling appellant's Second Amended Motion for New Trial. Appellant's second ground of error is overruled.

■ In his third ground of error appellant complains of the action of the trial court in failing to request the appointment of another district judge to hear a motion to recuse. Tex.Rev.Civ.Stat.Ann. art. 200a § 6 (Vernon Supp.1980–1981), provides:

A district judge shall request the presiding judge to assign a judge of the Administrative District to hear any motion to recuse such district judge from a case pending in his court.

In the case before us, however, no written motion was ever filed. The record does contain a brief discussion concerning recusal. The trial judge had asked the attorneys to prepare over the weekend to be heard on the matter. When the issue was discussed, all trial counsel for appellant did was orally move for recusal. We hold the statute requires that a timely formal written motion be filed before the mandatory provision of the statute concerning the

hearings of such motions is activated.[1] Appellant's third ground of error is overruled.

Appellant's final ground of error complains of the trial judge's failure to recuse himself. The concern in this case is over a communication between the judge and the Assistant District Attorney in which a plea bargain offer of seven years confinement was discussed. The Assistant District Attorney testified, however, that defense counsel had already mentioned the fact to the judge at an earlier meeting when they were all present. The judge stated he had been aware all along that there had been some negotiations and that the figure of seven years had been considered. He further stated in response to a motion for new trial asserting this point that the assessment of punishment was based solely on the facts of the case that were heard at trial with the jury present and the Presentence Investigation Report. Therefore, we find no reversible error concerning the failure of the judge to recuse himself. Appellant's fourth ground of error is overruled, and the conviction is affirmed.

Affirmed.

1. Tex.R.Civ.P. 18a, effective January 1, 1981, now defines the procedure for application of

Article 200a.