Rosia Mae **AUTRY**, Appellant,

v.

Herman E. **AUTRY**, Appellee.

No. 12–81–0056–CV.

Court of Appeals of Texas, Tyler.

Jan. 20, 1983.

John E. Sherman, Jefferson, Sherman & Mims, Houston, for appellant.

David T. Lopez, Houston, for appellee.

McKAY, Justice.

Appellant Rosia Mae Autry (Rosia) and Herman E. Autry (Herman) were divorced in Houston on June 25, 1975. During the marriage a minor child, Kimberly K. Autry, a girl, was born on June 1, 1969. Herman was ordered to make support payments of $200 per month.

Although Herman has not filed a brief, it appears from the record that there have been many pleadings and many hearings on the issue of child support payments by Herman.[1] The transcript does not contain copies of all the previous proceedings. However, from the record we do have, it appears that a finding was made by the trial court at some point that Herman was in arrears for child support in the sum of $3,200.

On November 7, 1980, Herman filed a Motion for Attorney's Fees, alleging that because of the many occasions that Rosia filed motions and other pleadings, it was necessary for him to employ counsel and appear in court, that he had incurred expenses for attorney's fees of more than $5,000, and currently had an outstanding balance of $3,000 which he was unable to pay. He asked the court to award him $4,000 in attorney's fees pursuant to § 11.18 a of the Texas Family Code.

The hearing on this motion was originally set for January 7, 1981. Counsel for Rosia was given proper notice of this setting but failed to appear. The hearing was reset for January 14 and proper notice was again given to counsel for Rosia, who again, without notice, failed to appear. The hearing was set a third time for January 21. On January 20, 1981, Rosia filed a motion for recusal pursuant to Rule 18a, Tex.R.Civ.P., alleging that the trial court was biased against her and her attorney in that the

court had been partial to Herman to the extent that Rosia had been denied due process of law. Judge Robert L. Lowry was the presiding judge, and he signed an order dated on January 21, 1981, setting a hearing at 10:30 A.M. on that date. Below the judge's signature on the same order there is the following in handwriting:

Motion heard 1–29–81
Motion Denied
Robert B. Baum

The motion for attorney's fees was heard on February 4 and granted by judgment dated March 6.

In Rosia's first point of error she maintains that the failure of the trial judge to recuse himself was an abuse of discretion and a denial of due process. The point is duplicitous but we will discuss the abuse of discretion issue.

Rule 18a became effective on January 1, 1981, and provides that *at least ten days before the date set for trial or other hearing* in district court, any party may file a motion for recusal. When such a motion is properly filed, the judge *shall* either recuse himself *or* request the assignment of another judge to hear said motion. If the motion is denied, it may be reviewed for abuse of discretion on appeal *from the final judgment.*

It appears that only one opinion has been written on the issue here raised involving a motion for recusal of a trial judge since the effective date of Rule 18a.[2] In *Limon v. State,* 632 S.W.2d 812, 815 (Tex.App.— Houston [14th Dist.] 1982, P.D.R. ref'd), the Houston court held that the Rule requires a *timely* formal written notice before the mandatory provisions of Rule 18a concerning the hearing of such motions are triggered. In that case an oral motion was urged less than the required ten days before the hearing, and the trial judge failed to request the appointment of another dis-

---

1. *Autry v. Autry,* 605 S.W.2d 625 (Tex.Civ.App. —Houston [1st Dist.] 1980).

2. There are two law review articles, 32 *Baylor Law Review* 489 (Pope and McConnico, 1980);

35 *Southwestern Law Journal* 381–2 (Figari, 1981), and an article in 43 *Texas Bar Journal* 1005 (Soules, 1980).

trict judge to hear the motion. The trial judge simply denied the motion at the time it was presented. Holding as it did that a timely written motion was required, the Houston court found no reversible error in this procedure.

■■■ We therefore hold that the failure of appellant to comply with the ten-day notice provision of Rule 18a(a) bars her complaint on appeal of the denial of said motion and overrule her first point of error.[3] Here the trial judge went further than the judge in *Limon,* for it appears that the motion was in fact heard and denied by a different judge. We must point out, however, that had the motion here been timely filed and presented, a reversal would be required under Rule 18a and these facts. There is nothing in the record to indicate that the trial judge complied with Rule 18a(d) by forwarding to the presiding judge of the administrative district an order of referral and the motion so that another judge could be assigned to hear the motion for recusal. All that appears in the record is an entry on the docket sheet and a notation on the order indicating that a different judge heard said motion. Where a mandatory duty is imposed by statute, the record must affirmatively reflect that all required steps were taken in order for this court to consider that duty properly discharged.

Appellant's second point complains the trial court erred as a matter of law in awarding attorney's fees to counsel for Herman.

. Section 11.19 of the Family Code provides:

(a) Appeals from orders, decrees, or judgments entered in suits affecting the parent-child relationship, *when allowed* under *this section* or under *other provisions of law,* shall be as in civil cases generally.

(b) An appeal may be taken by any party to a suit affecting the parent-child relationship *from an order, decree, or judgment:*

(1) *entered under Chapter 13* of this code [§ 13.01 et seq.]

(2) *entered under Chapter 14* of this code appointing or refusing to appoint a managing conservator; appointing or refusing to appoint a possessory conservator; ordering or refusing to order payments for support of a child; or modifying any such order previously entered; [§ 14.01 et seq.]

(3) *entered under Chapter 15* of this code terminating or refusing to terminate the parent-child relationship; or appointing a managing conservator; [§ 15.01 et seq.]

(4) *entered under Chapter 16* of this code granting or refusing an adoption. [§ 16.01 et seq.] ... (Emphasis added.)

The judgment in the instant case, according to the conclusions of law filed in conjunction therewith, was entered under § 11.18 of the Family Code, which provides in pertinent part:

§ 11.18 Costs

(a) In any proceeding under this subtitle, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

The judgment itself provides in pertinent part:

It is accordingly, ORDERED, ADJUDGED, and DECREED that the motion of Herman E. Autry for an award of attorney's fees as costs is granted, and that attorney's fees in the amount of $4,000.00 be, and they are hereby taxed as costs in these proceedings against Rosia Mae Autry, and judgment awarded to David T. Lopez, counsel for Herman E. Autry against the said Rosia Mae Autry

---

**3.** The only exception to the ten-day notice requirement of Rule 18a appears in section (e) which provides:

(e) If *within ten days of the date set* for trial or other hearing *a judge is assigned* to a case, the motion shall be filed at the earliest practicable time prior to the commencement of the trial or other hearing. (Emphasis added.) However, under the facts set out in this opinion, this provision is clearly inapplicable.

in the amount of $4,000.00, which judgment may be enforced in the name of David T. Lopez, and for which execution may issue as necessary for enforcement.

█ It appears this judgment was rendered in a proceeding intended by all concerned to stand alone, independent of any and all prior proceedings. The fees awarded by this judgment were apparently meant to compensate Herman's attorney for many different appearances in many different proceedings. From the record before us we cannot view this judgment as ancillary to or connected with any particular prior order of the court under Chapters 13, 14, 15 or 16 of the Family Code. From the face of the judgment and the findings and conclusions filed therewith we conclude that it was entered solely under § 11.18. Since it was not rendered under any of the four chapters named in § 11.19, and since we have found no "other provisions of law" authorizing appeal from a judgment for costs alone, we hold that an appeal from this judgment is not authorized.

█ This holding, however, should not be construed as an approval by this court of the judgment rendered below. Section 11.-18(a) does not create a new cause of action for attorney's fees. The section provides that attorney's fees may be awarded as costs "[i]n any proceeding under this subtitle." Since we have concluded that § 11.18 of the Family Code does not, of itself, provide for an award of attorney's fees, it follows that the trial court was without authority to render the judgment awarding attorney's fees. That being true it becomes the duty of this court to reverse the judgment of the trial court and render judgment that appellee or his attorney take nothing under said judgment.

Judgment reversed and rendered.