Maria S. GONZALEZ, Appellant,

v.

Jose A. GONZALEZ, Appellee.

No. 08–82–00252–CV.

Court of Appeals of Texas,
El Paso.

Oct. 5, 1983.

James T. Allen, Johnson, Allen & Serwatka, P.C., El Paso, for appellant.

Malcolm McGregor, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal from a judgment of divorce involves the question of the failure of the trial judge to grant a motion for his recusal and the question of the equitable partition of the community property. We affirm.

Following a pretrial hearing in the morning session of court, this case came to trial in the afternoon. Prior to that afternoon session, Appellant filed her motion to recuse the trial judge. The motion was overruled and the case proceeded to trial before the court. Appellant assigns error in the overruling of the motion to recuse.

The procedure for a motion to recuse is governed by Rule 18a of the Texas Rules of Civil Procedure, which became effective on January 1, 1981. It provides that at least ten days before the date set for trial or other hearing any party may file a motion for recusal, and that upon the filing of such motion the judge shall either recuse himself or request the assignment of another judge to hear the motion. The "shall" language of the rule makes its provisions mandatory, but we have concluded that the mandatory provisions do not come into play in this case because the motion was not timely filed. In *Limon v. State,* 632 S.W.2d 812, 815 (Tex.App.—Houston [14th Dist.] 1982, PDRR), an oral motion was urged less than the required ten days before the hearing and the trial judge failed to request the appointment of another district judge to hear the motion. As in our case, the trial judge simply denied the motion at the time it was presented. The Houston court held that a timely written motion was required and the trial judge did not commit reversible error in denying the motion. In *Autry v. Autry,* 646 S.W.2d 586 (Tex.App.—Tyler 1983, no writ), a motion for recusal was filed one day prior to the date the case was set for hearing. The motion was in writing and was heard and denied by a different judge. The Tyler court held that the failure to comply with the ten-day notice provision of Rule 18a(a) was a bar to any complaint on appeal of the denial of the motion. In the case before us, Appellant cites Section (e) of Rule 18a, which says: "If within ten days of the date set for trial or other hearing a judge is assigned to a case, the motion shall be filed at the earliest practicable time prior to the commencement of the trial or other hearing." Under the facts of our case, that provision has no application as the hearing was before the regular

judge of the court and not an assigned judge. We follow the rule of Limon and Autry and hold that the denial of the motion for recusal was not error since it was not presented more than ten days prior to the hearing.

██ We overrule Appellant's contention that the trial court abused its discretion in the division of the property. Under Texas Family Code Section 3.63 (Vernon Supp. 1982), counsel for Appellant has meticulously briefed the factors which the court may consider in dividing the property under this section of the Family Code. Such factors as the spouses' capacities and abilities, business opportunity, education, relative physical condition, disparity of ages, size of the separate estate and the nature of the property involved are set out in *Murff v. Murff,* 615 S.W.2d 696 (Tex.1981). In our review of the property division, it is presumed that the trial court exercised its discretion properly and the judgment should not be reversed unless it has abused its discretion. *Murff,* supra; *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974). We find no abuse of discretion in this case.

All points of error have been considered and all are overruled.

The judgment of the trial court is affirmed.