**Herbert FEIST, Appellant,**

v.

**Walter M. SEKALY, Appellee.**

**No. 09 87 103 CV.**

Court of Appeals of Texas, Beaumont.

Oct. 15, 1987.

Rehearing Denied Nov. 4, 1987.

Herbert Feist, pro se.

Thomas L. Hanna, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of a motion for summary judgment. Appellant filed suit alleging legal malpractice. Appellee had been court appointed to represent Appellant in a criminal proceeding, in which appellant was convicted of aggravated robbery and sentenced to forty years in the Texas Department of Corrections. Appellee was allowed to withdraw as of the date of sentencing, April 8, 1981. Appellant then appealed that criminal conviction, and it was affirmed by this court, *Feist v. State*, 631 S.W.2d 769 (Tex.App.—Beaumont 1982, no pet.). On April 2, 1985, appellant filed this suit and others.[1] Appellee filed a motion for summary judgment on March 5, 1987; it was heard on April 10, 1987, and granted on April 13, 1987. Appellant urges several points of error. We find point of error number four dispositive of this appeal and do not reach the propriety of the granting of the summary judgment.

Point of error number four alleges the trial court erred in violating TEX.R.CIV.P. 18a, by not ordering a hearing on a motion to disqualify. Appellant filed such a motion, in this cause, on December 17, 1986. That motion was not acted upon and was still pending when the summary judgment was granted. *Rule 18a(c)* states:

**Rule 18a. Recusal or Disqualification of Judges**

(c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. If the judge recuses himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit,

and shall make no further orders and shall take no further action in the case except for good cause stated in the order in which such action is taken.

This rule has been held to be mandatory. *Mcleod v. Harris*, 582 S.W.2d 772 (Tex. 1979); *Petitt v. Laware*, 715 S.W.2d 688 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Greenberg, Benson, Fisk and Fielder, P.C. v. Howell*, 685 S.W.2d 694 (Tex.App.—Dallas 1984, no writ); *Gonzalez v. Gonzalez*, 659 S.W.2d 900 (Tex.App.—El Paso 1983, no writ); *Limon v. State*, 632 S.W.2d 812 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). *Autry v. Autry*, 646 S.W.2d 586 (Tex.App.—Tyler 1983, no writ), holds the failure to comply with the mandatory provisions of *rule 18a* require reversal.

Appellee argues that the non-referral is not error since "the same motion" was filed in a companion suit and this court ruled that the overruling of same by another judge was not error. This is not the issue before us. In the companion case, the trial judge followed the mandatory provisions of the rule. This court simply affirmed the ruling of the judge in denying the motion to recuse. This case is also different from the one in which two motions are filed in the same case. *See Chastain v. State*, 667 S.W.2d 791 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). In the instant case, there was no referral. The trial judge simply continued to conduct proceedings. Appellee further argues that even if the failure to follow *rule 18a* is error, it is harmless error because the summary judgment motion is, as a matter of law, well taken. This is beside the point. If *rule 18a* is mandatory, then it must be complied with. Failure to do so must result in reversal. *Autry*, 646 S.W.2d at 588. The case is reversed and remanded.

**REVERSED AND REMANDED.**

---

1. *Feist v. Rivers*, No. 09–85–161 CV (Tex.App.—Beaumont December 18, 1985) (unpublished per curiam order dismissing appeal); *Feist v. Beau-* *mont Police Department*, No. 09–86–030 CV (Tex.App.—Beaumont September 11, 1986) (unpublished per curiam opinion).