Hubert Michael THOMAS, Relator,

v.

Honorable David WALKER, Judge Presiding, 77th District Court, Limestone County, Texas, Respondent.

Hubert Michael THOMAS, Relator,

v.

Honorable H.D. BLACK, Judge, 77th District Court, Limestone County, Texas, Respondent.

Nos. 10–93–083–CV, 10–93–084–CV.

Court of Appeals of Texas, Waco.

July 14, 1993.

**580**

Michael Thomas, Michael Thomas, P.C., Mexia, for relator.

Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Deputy Atty. Gen. for Litigation, Jorge Vega, Chief Gen. Litigation Div., Dedra L. Wilburn, Asst. Atty. Gen., Gen. Litigation Div., Austin, La-Nelle L. McNamara, McNamara & McNamara, Waco, for respondents.

Before THOMAS, C.J., CUMMINGS, J., and JAMES, J. (Retired).

## OPINION

### PER CURIAM.

This opinion encompasses two petitions for writ of mandamus filed by Relator Michael Thomas against the Honorable Judge H. Dickson Black, the presiding judge of the 77th District Court, Limestone County, and against the Honorable Judge David Walker, who was assigned to hear Relator's motion to recuse Judge Black and the motion to quash the subpoenas *duces tecum* directed to Judge Black and his wife. Because we find that Relator has failed to show that Judge Walker clearly abused his discretion in either quashing the subpoenas or denying the motion to recuse, and that he has an adequate remedy by appeal from the denial of his motion to recuse, we will deny both petitions.

### FACTUAL BACKGROUND

These cases have arisen out of what began as divorce proceedings filed in 1989 in the 77th District Court between Relator and party-in-interest Diana Jane Thomas. Judge Black presided in the original divorce proceedings. He retains continuing jurisdiction over all subsequent proceedings arising from the divorce, involving modification of child support and enforcement of the property award contained in the divorce decree, as well as Diana Thomas' suit to enforce the alimony contract incident to the divorce in which she obtained a judgment in December 1992. After her judgment against Relator for contractual alimony became final, Diana Thomas filed an Application for Turnover Order. Judge Black granted her *ex parte* order for temporary relief based on a verified application and set the application for turnover for a hearing on May 20, 1993. Relator then filed a verified motion to recuse Judge Black on the grounds that his impartiality could reasonably be questioned. Relator initially "noticed" Judge Black and his wife for depositions to elicit testimony to support his recusal motion; however, Relator withdrew his deposition notice and caused subpoenas *duces tecum* to be issued to compel Judge and Mrs. Black's testimony at the hearing on the motion to recuse. Judge Walker, after a hearing, quashed the subpoenas *duces tecum* and also denied Relator's motion to recuse.

## RELATOR'S CONTENTIONS

Relator seeks from this court extraordinary relief to enjoin additional proceedings stemming from the application for a turnover order and to enjoin Judge Black from presiding over further proceedings related to the underlying suits. Relator alleges in his petition for writ of mandamus against Judge Black that the judge's obligation under Rule 18a to voluntarily recuse himself was mandatory because of what Relator describes as the "appearance of partiality" supposedly evidenced by violations of the Code of Judicial Conduct resulting from Judge Black's alleged *ex parte* communications with opposing counsel and her client. *See* TEXAS SUPREME COURT, CODE OF JUDICIAL CONDUCT, Canons 2 & 3(A)(5) (1993); TEX.R.CIV.P. 18b(2)(a), (b). Relator also seeks mandamus relief against Judge Black to withdraw his May 20 order granting turnover relief primarily because it is void due to having been granted without notice to Relator.

Relator likewise asks this court to issue a writ of mandamus directing Judge Walker to vacate his June 18 order quashing the subpoenas *duces tecum* of Judge Black and his wife so as to allow Relator "to discover relevant testimony." He further requests that Judge Walker be ordered to vacate his order denying Relator's motion to recuse Judge Black.

## DISPOSITION

Rule 18a(f) of the Rules of Civil Procedure clearly states that, if a motion to recuse is denied, the judge's ruling "may be reviewed for abuse of discretion on appeal from the final judgment." TEX.R.CIV.P. 18a(f). It is fundamental that Relator, to show himself entitled to mandamus relief, must establish the lack of an adequate appellate remedy. *See Walker v. Packer*, 827 S.W.2d 833, 840–43 (Tex.1992); *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989). Mandamus is not available when Relator has "a clear and adequate remedy at law, such as a normal appeal." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex.1991); *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). Moreover, Rule 18a(f) specifically states that the standard of review from Judge Walker's denial of the recusal motion is an abuse of discretion *on appeal*. TEX.R.CIV.P. 18a(f) (emphasis added); *McClellan v. State*, 701 S.W.2d 671, 675–76 (Tex.App.—Austin, 1985), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1048, 98 L.Ed.2d 1010 (1988).

 The denial of the motion to recuse was within Judge Walker's discretion, and Relator has failed to demonstrate a clear abuse of that discretion. *See Walker*, 827 S.W.2d at 839; *Grider v. The Boston Co., Inc.*, 773 S.W.2d 338, 346 (Tex.App.—Dallas, 1989, writ denied). In addition, the record before us reflects that at the hearing on the motion to recuse, Judge Walker took judicial notice of "all matters in the file." Because the record on appeal is incomplete, in that it does not include the entire file, we must presume that anything omitted from the record before us supports the challenged ruling. *See Schaum v. State*, 833 S.W.2d 644, 648 (Tex.App.—Dallas 1992, no writ). Judge Black fully complied with Rule 18a(c) upon Relator's filing of the motion to recuse by requesting the presiding judge of the administrative district to assign a judge to hear the motion. *See* TEX.R.CIV.P. 18a(c). Contrary to Relator's claim, Judge Black did not abuse his discretion in remaining on the case and has no mandatory legal duty to voluntarily recuse himself in response to Relator's filing of the motion. *See id.*

██ Regarding Judge Walker's ruling quashing the subpoenas *duces tecum* secured by Relator to obtain Judge Black's testimony and that of his wife at the recusal hearing, no abuse of discretion on Judge Walker's part has been shown. *See Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41 (Tex.1989); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The questions Relator would have posed to Judge Black, as read into the record at the recusal hearing, and the *ex parte* communications which Relator contends have occurred between Judge Black and the opposition, involved facts that could have been substantiated in ways other than the direct examination of Judge Black and his wife. Furthermore, the letter and transcripts of which Relator complains have

been included in the record and speak for themselves.

■ More importantly, the decisions of judges are afforded strong protection by the "mental processes rule." *United States v. Morgan*, 313 U.S. 409, 421, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1940). Otherwise, if judges were constantly subjected to the threat of being subpoenaed to explain their reasoning behind every decision, every judicial act would be subject to the second-guessing of the trial court's integrity. Courts have refused to issue subpoenas for the testimony of judges in all but the "most extreme and extraordinary circumstances." *Gary v. State of Louisiana, Dept. of Health and Human Resources*, 861 F.2d 1366, 1368 (5th Cir.1988) (quoting *U.S. v. Dowdy*, 440 F.Supp. 894, 896 (W.D.Va.1977)). We do not face such circumstances here. Absent a threshold showing of improper conduct by a judge, "an inquiry into his mental processes in arriving at his decision would be improper and would threaten the foundation of an honorable and independent judiciary." *See Tate v. State*, 834 S.W.2d 566, 569 (Tex.App.—Houston [1st Dist.] 1992, writ ref'd). Relator has not made the necessary threshold showing. Finally, because Relator withdrew his notice for deposition, he cannot now claim to seek relief from a discovery ruling and therefore has an adequate remedy by appeal. *Compare Walker*, 827 S.W.2d at 843.

■ For the foregoing reasons, we deny Relator's petitions for writ of mandamus. This court's prior order for temporary relief staying all further proceedings below in cause numbers 22–100–A and 23,090–A is hereby withdrawn.