In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00116-CV


______________________________





IN THE ESTATE OF JANET R. DAVIS, DECEASED





 


On Appeal from the Probate Court No. 2


Harris County, Texas


Trial Court No. 305,116-401




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Don and Linda Davis, acting pro se, have filed an appeal from an order denying their motion
to recuse the Honorable Mike Wood, Judge for the Probate Court Number 2 of Harris County, in
connection with the probate of the estate of Janet Davis. The attempted removal of the judge was
based both on recusal and disqualification grounds. This appeal was transferred to this court through
a docket equalization order of the Texas Supreme Court.

 The initial question is whether the order is appealable. Generally, only final decisions of trial
courts are appealable. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997); Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The Legislature has also authorized the appeal
of a number of interlocutory orders. See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(Vernon Supp. 2002).

 The Legislature has not provided that an order rendered on a motion to remove a judge either
by recusal or disqualification is appealable. The Texas Rules of Civil Procedure expressly provide
for appellate review only from a final judgment after denial of a recusal motion. See Tex. R. Civ.
P. 18a(f); In re Union Pac. Res. Co., 969 S.W.2d 427, 428-29 (Tex. 1998); Thomas v. Walker, 860
S.W.2d 579, 581 (Tex. App.-Waco 1993, orig. proceeding). Accordingly, we have no jurisdiction
to consider an appeal on this basis.

 Further, the Texas Supreme Court held in In re Union Pacific Resources Co. that although
the question of the constitutional disqualification of a judge may be addressed without the necessity
of awaiting a final judgment, mandamus is the proper venue for an attempt to obtain an interlocutory
ruling. 

 We conclude we have no jurisdiction over this appeal. We therefore dismiss the appeal for
want of jurisdiction. 




 Ben Z. Grant

 Justice


Date Submitted: October 16, 2002

Date Decided: October 17, 2002


Do Not Publish



align: justify">                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Antron Rammel Blaylock appeals from his conviction for the offense of delivery of a
controlled substance. He was sentenced to sixty-five years' confinement. Sentence was imposed
April 12, 2005, and Blaylock timely filed a motion for new trial May 2, 2005. See Tex. R. App. P.
21.4(a).
            The Texas Rules of Appellate Procedure provide that a notice of appeal must be filed with
the trial court within ninety days after the day sentence was imposed or suspended in open court if
the defendant timely filed a motion for new trial. Tex. R. App. P. 26.2(a)(2). Blaylock's notice of
appeal was due July 11, 2005. Blaylock filed his notice of appeal with the trial court clerk
August 12, 2005, 122 days after the trial court imposed sentence.
            Because Blaylock's notice of appeal was filed 122 days after the date sentence was imposed,
it was not timely filed.


 We therefore lack jurisdiction over the appeal. Rodarte v. State, 860 S.W.2d
108, 110 (Tex. Crim. App. 1993). 
            We dismiss Blaylock's appeal for want of jurisdiction.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          September 22, 2005
Date Decided:             September 23, 2005

Do Not Publish