NO. 12-02-00189-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


JOHN M. BARRON,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #2 OF


THE STATE OF TEXAS

ATTORNEY GENERAL, §
 SMITH COUNTY, TEXAS

 

OPINION


 John M. Barron ("Barron") appeals from an order placing him on probation for failure to pay
child support, ordering payment of arrearages, and increasing his current child support. In four issues,
Barron argues the trial court erred by refusing to grant his motion to recuse and by finding that the
evidence supported modification of his child support. We modify the trial court's order and affirm as
modified.


Background

 On November 8, 1996, the court found that Barron was the biological father of B.M.B. and
signed an order establishing the parent-child relationship. A child support review order instructed
Barron to pay child support in the amount of $185.00 per month to B.M.B.'s mother, Stacie Lynn Wood
(now "Amundson"), beginning January 1, 1997. On February 26, 2002, the Attorney General of Texas
("Attorney General") filed a Motion for Enforcement and Modification of Child Support Order. The
Attorney General alleged that Barron had failed to pay child support since July of 2001 and, further, that
an increase in child support was warranted. On that same date, the court issued an order for Barron to
appear on March 28, 2002 in response to the motion. 

 Barron appeared on March 28 as ordered, and a hearing was held on the Attorney General's
motion. Before the hearing, Judge Carole Clark recused herself upon Barron's verified motion to
recuse. Replacing Judge Randall L. Rogers, Judge Thomas A. Dunn conducted the hearing. At the
beginning of the hearing, Barron orally moved to recuse Judge Dunn. As grounds, Barron's counsel
stated that she "just received" an order signed by Judges Clark, Rogers, and Dunn. She contended that
Barron's due process rights to an impartial and disinterested tribunal were violated because the order
directed that "greater weight . . . be placed on the opinions of the Attorney General." (1) Judge Dunn
refused to recuse himself. Barron declared his intention to present the denial of the motion to the
administrative judge for a hearing. Further, he requested that no further proceedings in the case be
conducted until after a decision by the administrative judge. However, upon discovering that no motion
to recuse had been filed, Judge Dunn declared that the motion was "out of time," and that counsel had
no good reason for not timely filing the motion. (2)

 During the hearing, Barron admitted he had failed to pay child support since July of 2001. As
an excuse, Barron claimed that, when he changed jobs in July, an order of withholding was never sent
to his new employer by the Attorney General's office. At that time, his gross income was
approximately $3,000 per month. However, in October of 2001, he was laid off and had not been
employed since that date. Because the job market in his profession was saturated, Barron changed
careers and stated that he was beginning a new job in a week. Further, Barron informed the court that
he had two additional children to support.

 At the conclusion of the hearing, Judge Dunn found that Barron had the ability to pay child
support in July, August, and September of 2001. He also held Barron in contempt for failing to pay
child support and assessed punishment at 180 days in jail. However, the judge probated Barron's
sentence for five years and ordered arrearage payments of $50 per month beginning in June of 2002. 
Further, the judge ordered an increase in child support to $387.20 per month beginning in June of 2002. 
Judge Dunn informed Barron that his probation would be discharged upon full payment of the child
support arrearages. On April 5, 2002, Barron moved the court to discharge his probation upon
documentation of full payment of back child support. Accordingly, the trial court discharged Barron
from community supervision probation. This appeal followed.


Recusal of Judge

 In his first issue, Barron contends that Judge Dunn holds an interest in the outcome of child
support hearings because he signed the Standing Order that instructed the Child Support Master to give
"great weight" to the recommendations of the Attorney General. Barron argues this order violates
Barron's due process rights to an impartial and disinterested tribunal. Further, Barron contends that the
agreement between the Smith County family law judges and the Attorney General's office to implement
the Smith County Child Support Accountability Program ("Accountability Program") would make
Judge Dunn partial and biased toward the Attorney General's office. Additionally, Barron's counsel
asserts that she was unable to file a timely written motion to recuse with the court because she did not
learn of these documents until one hour before the scheduled hearing. (3) The Attorney General argues
that Barron waived his right to complain that the motion to recuse was denied because it was not
written, verified, timely, or stated with sufficient specificity.

Applicable Law

 Rule 18a of the Texas Rules of Civil Procedure governs recusal of judges. Tex. R. Civ. P. 18a. 
In order to recuse a judge, any party may file a motion stating grounds why the judge before whom the
case is pending should not sit in the case. Tex. R. Civ. P. 18a(a). The motion must be filed at least ten
days before the date set for trial or other hearing, be verified, and state with particularity the grounds
for recusal. Id. Before proceeding further in the case, the judge must either recuse himself or, if he
declines recusal, request the presiding judge of the administrative judicial district to assign a judge to
hear the motion. Tex. R. Civ. P. 18a(c), (d). If the motion to recuse is denied, the standard for review
is abuse of discretion, and the denial may be reviewed on appeal from the final judgment. Tex. R. Civ.
P.18a(f); Thomas v. Walker, 860 S.W.2d 579, 581 (Tex. App.-Waco 1993, no writ). The test for abuse
of discretion is whether the trial court acted in an arbitrary or unreasonable manner without reference
to any guiding rules or principles. Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002);
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 When a recusal motion is filed, the trial judge against whom the motion is directed may properly
make an initial decision of whether the motion conforms with Rule 18a. Moorhead v. State, 972
S.W.2d 93, 95 (Tex. App.-Texarkana 1998, no pet.). "Recusal may be waived if it is not raised by a
proper motion." McElwee v. McElwee, 911 S.W.2d 182, 186 (Tex. App.-Houston [1st Dist.] 1995,
writ denied). The procedural requisites for recusal in Rule 18a(a) are mandatory, and a party who fails
to conform waives his right to complain of a judge's failure to recuse himself. Spigener v. Wallis, 80
S.W.3d 174, 180 (Tex. App.-Waco 2002, no pet.); Gill v. Texas Dep't of Criminal Justice,
Institutional Div., 3 S.W.3d 576, 579 (Tex. App.-Houston [1st Dist.] 1999, no pet.); Pena v. Pena, 986
S.W.2d 696, 701 (Tex. App.-Corpus Christi 1998, pet. denied). Likewise, a party's failure to obey the
ten-day notice provision of Rule 18a(a) bars any complaint on appeal of the denial of the motion to
recuse. (4) Autry v. Autry, 646 S.W.2d 586, 588 (Tex. App.-Tyler 1983, no writ). Thus, the provisions
of Rule 18a obligating a trial judge to either recuse himself or refer the motion to the presiding judge
of the administrative judicial district never come into play unless and until a formal timely, written and
verified motion to recuse is filed. Spigener, 80 S.W.3d at 180; Moorhead, 972 S.W.2d at 95; Limon
v. State, 632 S.W.2d 812, 815-16 (Tex. App.-Houston [14th Dist.] 1982, pet. ref'd). 

Analysis Barron's counsel orally moved Judge Dunn to recuse himself at the beginning of the hearing. 
Judge Dunn refused and, further, determined that the motion was not timely filed. Judge Dunn was not
obligated to recuse himself or refer the motion to the administrative judge until Barron filed a formal
timely, written, and verified motion to recuse. Spigener, 80 S.W.3d at 180; Moorhead, 972 S.W.2d
at 95; Limon, 632 S.W.2d at 815-16. By his failure to comply with these mandatory procedural
requirements, Barron waived his right to complain that Judge Dunn refused to recuse himself. 
Spigener, 80 S.W.3d at 180; Gill, 3 S.W.3d at 579; Pena, 986 S.W.2d at 701; Autry, 646 S.W.2d at
588. Accordingly, Barron's first issue is overruled.


Modification of Child Support

 In his second and third issues, Barron contends that the evidence was not legally or factually
sufficient to support the trial court's order modifying his child support. In his fourth issue, Barron
argues that the modification of his child support was erroneously based upon his earnings prior to the
date the Motion for Modification of Child Support Order was filed. The Attorney General admits that
the court erred in modifying Barron's current child support. Therefore, we sustain Barron's second,
third, and fourth issues. Accordingly, we modify the trial court's March 28 order to require that Barron
pay Amundson child support in the amount of $185.00 per month, which is the original amount ordered
by the court. 

Conclusion

 Based upon our review of the record, we conclude that Barron waived his complaint that Judge
Dunn failed to recuse himself. However, because we have sustained Barron's second, third, and fourth
issues, the trial court's order dated March 28, 2002 should be modified. Specifically, the section
entitled "Modification of Support Order" should be deleted, and the current child support ordered to
be paid by Barron to Amundson should be changed from $387.20 each month to $185.00 each month. 
Accordingly, the order of the trial court is modified and, as modified, affirmed.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered April 30, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.



(PUBLISH)
1. The order at issue is the "Smith County Family Law Courts Standing Order in Title IV-D Cases"
("Standing Order") signed by Judges Carole Clark, Thomas A. Dunn, and Randall L. Rogers on March 21, 2002. 
The order established guidelines for Child Support Masters to follow in handling Smith County Title IV-D cases. 
Among others, the order stated that the "Child Support Master shall give great weight to the recommendations of the
Office of the Attorney General, including, but not limited to, recommendations on the time of day to conduct
hearings and the date or dates for resetting cases."
2. Barron asserts that Judge Dunn refused to "set off" the hearing. However, the record shows that, after
Judge Dunn stated that an oral motion to recuse was inadequate, counsel for Barron asked if she could "go back to
[her] office." At that point, Judge Dunn interrupted her. According to the record, Barron did not request a
continuance at that time or later in the hearing.
3. Barron's counsel's assertion that she learned of the Standing Order and the Accountability Program only
one hour before the scheduled hearing is not in the record. Instead, counsel informed Judge Dunn that she "just
received" a copy of the Standing Order. She failed to specify when she obtained that order. Further, counsel never
mentioned the Accountability Program as grounds for recusal at the hearing.
4. In Sun Exploration & Prod. Co. v. Jackson, 783 S.W.2d 202, 206 (Tex. 1989), Justice Franklin S.
Spears stated that Rule 18a does not contemplate the situation in which a party cannot know the basis of recusal until
after conclusion of the trial. Sun Exploration, 783 S.W.2d at 206 (Spears, J., concurring). Relying on Justice
Spears' concurrence, other courts have found that, if a party did not know the grounds for recusal before ten days of
the trial date or hearing, Rule 18a does not bar consideration of the complaint. Rosas v. State, 76 S.W.3d 771, 774
(Tex. App.-Houston [1st Dist.] 2002, no pet.); Martin v. State, 876 S.W.2d 396, 397 (Tex. App.-Fort Worth 1994,
no pet.); Keene Corp. v. Rogers, 863 S.W.2d 168, 171-72 (Tex. App.-Texarkana 1993, no writ). However, these
cases are distinguishable from the present matter. Although these motions were not filed timely, all were written and
filed with the court. See Rosas, 76 S.W.3d at 774; Martin, 876 S.W.2d at 397; Keene Corp., 863 S.W.2d at 171-72. 
In contrast, Barron's motion was oral, and a written motion was never filed with the court.