Opinion issued February 19, 2004







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00799-CR




CHRISTOPHER WALLER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 892640




MEMORANDUM OPINION

          A jury found appellant, Christopher Waller, guilty of aggravated sexual assault
of a child and assessed punishment at nine years’ confinement. In six points of error,
appellant contends that the trial court erred in admitting into evidence the results of
DNA testing, because such results were not scientifically reliable; and that the
administrative judge hearing appellant’s motion to recuse the Honorable Denise
Collins erred (1) in denying his motion because appellant made a threshold showing
that Judge Collins committed misconduct by participating in an ex parte
communication that prejudiced her against appellant; and (2) in quashing appellant’s
subpoena of Judge Collins to appear at the recusal hearing, which, in turn, denied
appellant’s constitutional right to compel witnesses to attend his criminal trial, to
confront witnesses, to cross-examine witnesses, and to due process.


 
Background
          Appellant was charged by indictment with aggravated sexual assault of a child. 
Subsequently, the trial court, Judge Denise Collins, held a bond-reduction hearing
and lowered appellant’s bond due to his medical condition. At the bond-reduction
hearing, appellant appeared to be “writhing in pain,” and unable to sit up. The next
day, however, Mary Cone, a probation officer assigned to Judge Collins’s court,
observed appellant looking remarkably recuperated, and she immediately conveyed
to Judge Collins her impression of the surprising overnight improvement in
appellant’s medical condition.


 As a result, Judge Collins called appellant back to
court the following day and reviewed his medical records. According to appellant’s
wife, these records were provided because Judge Collins suspected appellant was
fabricating his injuries. However, Judge Collins did not raise appellant’s bond. 
          Nevertheless, appellant filed a pretrial motion to recuse Judge Collins, alleging
that she received ex parte communications regarding appellant, and questioning her
impartiality. Judge Collins declined to recuse herself, and the motion was then
assigned to Judge George Godwin.


 Appellant subpoenaed Judge Collins to appear
at the recusal hearing and Judge Godwin quashed the subpoena. Ultimately, Judge
Godwin denied appellant’s motion to recuse, and Judge Collins presided over
appellant’s jury trial. 
          At trial, the complainant testified that some of the sexual assault incidents
occurred in the family’s garage. Before trial, a Houston Police Department (HPD)
Crime Scene Unit officer obtained samples of dried fluid from the garage wall, and
also recovered appellant’s blue coveralls from the garage. A serologist from the
Houston Police Department Crime lab later determined that both the substances on
the wall and from the coveralls were semen. Raynard Cockrell, a DNA analyst with
the HPD Crime Lab, determined that appellant’s DNA was consistent with the semen
found on the garage wall and coveralls. Cockrell further testified that the
complainant’s and an unknown person’s DNA was also detected on the coveralls.          Appellant filed a pretrial motion requesting a Kelly


 hearing to determine the
reliability of Cockrell’s expert scientific testimony.


 During the trial, outside the
presence of the jury, the trial court proceeded with the Kelly hearing. Both sides
questioned HPD DNA analyst Cockrell regarding his DNA analysis and technique. 
On several occasions, the trial court admonished appellant’s counsel to confine his
questions to issues relevant to the Kelly hearing. After repeated attempts by the trial
court to confine appellant’s counsel to questions relating to the Kelly factors,
appellant’s counsel stated, “I’ll pass on the Kelly hearing and we can go directly to
his testimony.” (Emphasis added).
          No further testimony was elicited regarding the Kelly issues. The jury returned 
to the courtroom and the State presented the testimony of its next witness, Dr.
Margaret McNeese. Following McNeese’s testimony, Cockrell testified regarding his
DNA analysis. During Cockrell’s testimony, appellant’s counsel did not raise any
objection regarding the reliability of his testimony. Upon completion of Cockrell’s
testimony, however, appellant’s counsel asked the trial court to strike the evidence
as being “unscientifically [sic] reliable.” The trial court overruled counsel’s
objection. 
Discussion
DNA Evidence
          In his first point of error, appellant contends that the trial court erred in
admitting the HPD crime lab’s DNA results because such results were not
scientifically reliable. However, to preserve a complaint for appellate review, a party
must have presented to the trial court a timely request, objection, or motion, stating
the specific grounds for the ruling desired, and either the trial court must have ruled
on the issue, or the complaining party must have objected to the trial court’s failure
to rule. Tex. R. App. P. 33.1. Failure to object in a timely and specific manner during
trial forfeits appellate complaints about the admissibility of evidence. Saldano v.
State, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). This is true even though the error
may concern a constitutional right of the defendant. Id. 
          Here, the record shows that during the Kelly hearing regarding Cockrell’s
anticipated testimony, appellant’s counsel abandoned his objection, stating, “I’ll pass
on the Kelly hearing and we can go directly to his testimony.” (Emphasis added). 
In doing so, appellant waived any ruling on his motion challenging the scientific
reliability of Cockrell’s testimony. Because appellant did not procure either a ruling
on his Kelly motion, or a refusal to rule to which he objected, appellant has failed to
preserve his complaint for appellate review. Tex. R. App. P. 33.1(a)(2)(A-B). 
          Even if appellant had not waived ruling on his complaint, he thereafter failed
to make any objection challenging the reliability of Cockrell’s testimony at any time
during Cockrell’s testimony. Because appellant failed to object at his earliest
opportunity, he preserved nothing for our review on this point. See Goldberg v. State,
95 S.W.3d 345, 368 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (To preserve
error for appeal, appellant was required to make a timely, specific objection at the
earliest possible opportunity.). 
          We overrule appellant’s first point of error. 
Motion to Recuse
          In his second point of error, appellant argues that the administrative judge who
presided over his recusal hearing erred in denying his motion to recuse Judge Collins
because appellant made a threshold showing that Judge Collins committed
misconduct by participating in an ex parte communication that prejudiced her against
him. 
          Rule 18a of the Texas Rules of Civil Procedure governs a motion for recusal
in trial courts. Tex. R. Civ. P. 18(a); Bruno v. State, 916 S.W.2d 4, 7 (Tex.
App.—Houston [1st Dist.] 1995, no pet.). Rule 18b outlines the grounds for
disqualification and recusal of judges. Tex. R. Civ. P. 18b. Under rule 18b, a judge
must recuse herself in any proceeding in which her impartiality might be reasonably
questioned, or in which she has a personal bias or prejudice concerning the subject
matter or a party, or personal knowledge of disputed evidentiary facts concerning the
proceeding. Tex. R. Civ. P. 18b(2)(a-b). 
          We review a ruling denying a defendant’s motion to recuse for abuse of
discretion. Wesbrook v. State, 29 S.W.3d 103, 120 (Tex. Crim. App. 2000) (citing
Kemp v. State, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992)). Such a ruling should
not be reversed if it is within the zone of reasonable agreement. Wesbrook, 29
S.W.3d at 120-21. The Court of Criminal Appeals has determined that “mere
violations of the Code of Judicial Conduct alone, do not constitute reversible error
. . ., and [u]nethical conduct is not necessarily a legal ground for a reversal.” Id. at
121 (quoting Kemp, 846 S.W.2d at 305). A reversal is warranted only in those cases
in which the bias is shown to be of such a nature and extent as to deny a defendant
due process of law. Id; see also Kemp, 846 S.W.2d at 305 (Recusal is appropriate if
the movant has provided enough facts to establish that a reasonable person, knowing
all the circumstances involved, would harbor doubts as to the impartiality of the trial
court, but only when the bias is of such a nature and extent as to deny the movant due
process of law.).
          During appellant’s recusal hearing, Cone, a probation officer assigned to Judge
Collins’ court, testified that she informed Judge Collins of her observation of
appellant, and her impression that appellant’s condition appeared remarkably
improved as compared to his debilitated appearance during his bond-reduction
hearing on the previous day. At the bond hearing, Judge Collins had lowered
appellant’s bond due to his medical condition. Following Cone’s report, Judge
Collins required appellant to return to court the next day and to present his medical
records for her review. 
          Appellant’s wife testified that she understood Judge Collins was accusing
appellant of fabricating his injuries. She further testified that she overheard Judge
Collins tell appellant “that she did not like being hoodwinked and lied to, . . . [and
that] she was going to keep an eye on him.” Nonetheless, after reviewing appellant’s
medical records, Judge Collins allowed appellant to remain free on bond, and she did
not reinstate the original amount of appellant’s bond.
          Appellant asserts that these facts show that Judge Collins participated in an ex
parte communication that clearly prejudiced her against appellant.


 However,
appellant has failed to provide enough facts that a reasonable person, knowing all the
circumstances involved, would harbor doubts as to the impartiality of the court. 
Kemp, 846 S.W.2d at 305. At most, appellant has shown that Judge Collins expressed
skepticism regarding the validity of appellant’s medical condition. See Roark v.
Mother Frances Hosp., 862 S.W.2d 643, 647 (Tex. App.—Tyler 1993, writ denied)
(“healthy skepticism is not the equivalent of hostility, nor is indicative of bias or
prejudice.”). There is no evidence, however, that Judge Collins’ suspicions
transformed into a bias against appellant sufficient to deny him due process of law. 
Wesbrook, 29 S.W3d at 121. 
          On the contrary, the evidence reflects that, after reviewing appellant’s medical
records, Judge Collins neither revoked appellant’s bond, nor reinstated the original
bond. Because appellant failed to meet his burden to show that Judge Collins
possessed any bias, much less sufficient bias to interfere with his due process rights,
we conclude that the administrative judge did not abuse his discretion in denying
appellant’s motion to recuse Judge Collins. Wesbrook, 29 S.W3d at 121. 
          We overrule appellant’s second point of error.
Motion to Quash 
          In his remaining four points of error, appellant contends that the administrative
judge presiding over his recusal hearing erred in quashing his subpoena to have Judge
Collins appear at the hearing. Specifically, appellant argues that the order quashing
the subpoena denied his constitutional right to compel witnesses to attend his criminal
trial, to confront witnesses, to cross-examine witnesses, and to due process by
denying him his right to present a comprehensive case for recusal. 
          Criminal defendants have a constitutional right to “compulsory process for
obtaining witnesses.” Tex. Const. art. I, § 10. The right to compulsory process,
however, is not absolute; rather, it is left to the trial court’s discretion. Drew v. State,
743 S.W.2d 207, 225 n.11 (Tex. Crim. App. 1987) (citing United States v. Nixon, 418
U.S. 683, 702, 94 S. Ct. 3090, 3104 (1974), and Ross v. Estelle, 694 F.2d 1008, 1010
(5th Cir. 1983)). 
          In order to compel a judge to testify regarding her mental processes in arriving
at a decision, appellant must show extraordinary circumstances that would justify
compelling the judge to testify. Tate v. State, 834 S.W.2d 566, 569-70 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref’d); Thomas v. Walker, 860 S.W.2d 579, 582
(Tex. App.—Waco 1993, no writ). For example, when no substitute for a judicial
witness is available, the demands of justice may require the testimony of a judge. 
Joachim v. Chambers, 815 S.W.2d 234, 238-39 (Tex. 1991). We do not face such
circumstances in this case. The facts at issue here involve the communication Judge
Collins received from probation officer Cone. During the recusal hearing, Cone
testified regarding the substance of her communication to Judge Collins, and the
subsequent hearing to review appellant’s medical records. Additionally, appellant’s
wife and an acquaintance provided their own eyewitness-testimony regarding the
events that transpired during appellant’s second bond hearing. Thus, the facts at issue
were substantiated in ways other than the direct examination of Judge Collins. 
Thomas, 860 S.W.2d at 581. 
          Accordingly, absent a threshold showing of improper conduct on the part of
Judge Collins that would justify compelling her to testify, an inquiry into her mental
processes in arriving at a decision would be improper. Tate, 834 S.W.2d at 569-70. 
Appellant has not shown bias or prejudice on the part of Judge Collins. Instead, the
evidence shows that, despite any plausible suspicions regarding appellant’s
representations of his medical condition, Judge Collins did not revoke appellant’s
bond, nor reinstate the original amount of the bond. Because appellant has not shown
any extraordinary circumstances that would justify compelling Judge Collins to
testify, we find no error in the administrative judge’s ruling quashing the subpoena.
          Accordingly, we overrule appellant’s four remaining points of error.
CONCLUSION
          We affirm the judgment of the trial court.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.
Do not publish. Tex. R. App. P. 47.2(b).