Danny D. BONDS, Petitioner,

v.

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, Respondent.

No. 96–1193.

Supreme Court of Texas.

Oct. 2, 1997.

Danny D. Bonds, Tennessee Colony, pro se.

Dan Morales, Austin, for Respondent.

PER CURIAM.

Danny Bonds, an inmate, filed suit *pro se* and *in forma pauperis* against the Texas Department of Criminal Justice. The trial court dismissed the suit as frivolous, as authorized by section 13.001 of the Civil Practice and Remedies Code. Bonds filed a motion containing information about his trust account, but he did not file the certified statement required by section 14.006(f) of the Civil Practice and Remedies Code. The trial court did not request the information but simply ordered Bonds to pay the total court fees and costs. The court of appeals affirmed. —— S.W.2d ——.

Section 14.006(a) states in part that "[a] court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with this section". Section 14.006(b) states:

> (b) On the court's order, the inmate shall pay an amount equal to the lesser of:
>> (1) 20 percent of the preceding six months' deposits to the inmate's trust account; or
>> (2) the total amount of court fees and costs.

Finally, section 14.006(f) states:

> (f) The inmate shall file a certified copy of the inmate's trust account statement with the court. The statement must reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed. The court may request the department or jail to furnish the information required under this subsection.

The question in this case is this: if an inmate fails to file a certified copy of his trust account statement with the court, may the court order the inmate to pay the total amount of court fees and costs without requesting the department or jail to furnish the information to determine whether twenty percent of the preceding six months' deposits to the inmate's trust account is a lesser sum.

We think the answer is no. Section 14.006(b) requires an inmate to pay only the lesser of two sums. It gives the court no discretion to require payment of the greater sum. While section 14.006(f) requires the inmate to submit information from which the lesser of the sums can be determined, it does not penalize the inmate's failure to do so, but rather gives the court authority to request the information. The statute does not autho-

rize the court to order payment of total court fees and costs merely because an inmate fails to comply with section 14.006(f).

Because the trial court exceeded its authority under section 14.006, we grant Bonds' application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion. TEX.R.APP.P. 59.1.