In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-074 CV


____________________



IN RE EDITH DEMAYO






Original Proceeding






MEMORANDUM OPINION (1) ON REHEARING


 On March 31, 2005, Edith DeMayo filed a petition for writ of mandamus. Because
the petition is filed within fifteen days of the issuance of our opinion denying relief in an
identical petition, we address the petition as a motion for rehearing. We issue this opinion
on rehearing to more thoroughly explain our opinion on the issues presented by the relator. 

 The relator complains the trial court has not granted or referred her "Motion to
Recuse Judge and Order a New Trial," filed February 16, 2005. (2) She does not ask this
Court to order the judge to act on the pending motion. Instead, the relator seeks the
judge's removal from the case. The motion to recuse is not verified, as required by the
rules of civil procedure. Tex. R. Civ. P. 18a (a). Failure to comply with the procedural
requisites for recusal waives the complaint. Spigener v. Wallis, 80 S.W.3d 174, 180 (Tex.
App.-Waco 2002, no pet.). Because the motion is not verified, the relator is not entitled
to have the judge removed from the case, nor is she entitled to appointment of a new
judge. (3) 

 The relator requests that we "[m]ake a finding that a pro-se litigant is to be treated
with the same respect for her rights as a person represented by counsel." A pro se litigant
is held to the same standards as a licensed attorney and must comply with the rules of
procedure applicable to the case. Greenstreet v. Heiskell, 940 S.W.2d 831, 834-35 (Tex.
App.-Amarillo 1997, no writ). The record presented to us suggests that the trial court's
actions in the case may be attributable to defects in the papers filed by the relator. Absent
a clear abuse of discretion by the trial court, mandamus is not appropriate. Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex.1992). 

 The relator also seeks mandamus relief on her motion to proceed as an indigent
person. Because the relator has an adequate remedy in the appellate process, mandamus
is not available. In re Arroyo, 988 S.W.2d 737, 739 (Tex.1998).

 Finally, the relator seeks an order compelling the trial court to set a hearing on
temporary orders. The relator's motion for temporary orders is not included in the
mandamus record, but we take judicial notice of the "Motion for Emergency Temporary
Orders Pending Appeal" attached as an exhibit to the March 31, 2005, "Request for
Reconsideration on Motion for Temporary Orders," filed in DeMayo's appeal from the
decree of divorce. (4) See Stroud v. VBFSB Holding Corp., 917 S.W.2d 75, 78 (Tex.
App.-San Antonio 1996, writ denied) (A Court of Appeals may take judicial notice of its
own records). The motion refers to an order that is not attached to the motion, and
requests wage withholding and an order to pay an existing child support arrearage. 
Assuming the motion is requesting that the pre-decree temporary orders continue during
the appeal, we note that the divorce decree has not been superseded. A trial court may
enter temporary orders pending appeal. Tex. Fam. Code Ann. § 109.001 (Vernon 2002). 
Because this is a situation where the final decree has not been superseded and may be
enforced, the relator has not shown that the trial court abused its discretion by failing to
enter temporary orders pending appeal. (5) 

 The motion for rehearing is overruled. 

 PER CURIAM


Opinion Delivered April 15, 2005 

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.
2. The motion alleges grounds for recusal rather than disqualification.
3. A different issue might be presented if the petition sought a trial court ruling on
the motion to recuse. We note, however, that the relator cannot demonstrate any harm to
her arising from inaction on a facially invalid motion.
4. The clerk's record has not yet been filed in Appeal No. 09-05-068 CV. 
5. The trial court retains authority during an appeal to enforce a final divorce
judgment that has not been superseded, and may enforce the judgment by contempt. In re
Sheshtawy, 154 S.W.3d 114, 118-19, 124-25 (Tex. 2004).