NO. 07-04-0374-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 5, 2006

_____

MONTY SCOTT PHIPPS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A14271-0112; HONORABLE ED SELF, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea bargain for burglary of a building, appellant Monty Scott Phipps was granted deferred adjudication and placed on community supervision for five years. Following a hearing on the State's motion to proceed with an adjudication of guilt and pleas of true to three of five allegations, the court found appellant had violated conditions of

community supervision, adjudicated him guilty, and assessed punishment at two years confinement and a $1,000 fine. Presenting five issues,[1] appellant questions whether (1) the trial court erred in failing to refer a motion to recuse to another judge for consideration; (2) the trial court erred in failing to consider or rule on his motion to recuse; (3) his right to due process was violated where the court had a bias against him based on a prior incident with his father which affected sentencing; (4) the court erred in refusing to consider all the evidence before sentencing where the court refused to contact the community supervision officer to obtain his opinion on appellant's progress; and (5) the trial court erred in not setting a hearing on a motion for new trial that was accompanied by affidavits which established reasonable grounds to believe the allegations in the motion were true. We affirm.

Appellant was granted deferred adjudication in 2001, and in 2002, an agreed order was entered approving the transfer of his community supervision from Hale County to McLennan County. In November 2003, appellant was arrested in McLennan County for driving while intoxicated. After the Hale County Community Supervision Office was notified of the arrest, the State filed a motion to proceed with an adjudication of guilt.

At the hearing on the motion to adjudicate, appellant pled true to some of the allegations raised by the State and evidence was presented on other allegations to which

---

[1]Appellant presents five issues in the table of contents and body of the brief; however, he only presents four issues in the "issues presented" portion of the brief and the State only responds to four issues. We will address all five issues.

he pled not true. Two McLennan County Officers testified about the new arrest and appellant's Hale County Community Supervision Officer testified in support of other allegations presented by the State. After the State rested, defense counsel invited the trial court to telephone Mike McPhee, appellant's community supervision officer in McLennan County, who was unavailable for the proceeding, and visit with him regarding appellant's progress for the prior year and a half. The court responded, "all right," and asked defense counsel to call its first witness. Appellant was the only witness for the defense and admitted violating certain conditions of community supervision.

Based on the evidence and pleas of true, the court adjudicated appellant guilty and proceeded to the sentencing phase. The State reurged its evidence from the adjudication portion of the trial and, when defense counsel was asked if he had any punishment evidence to present, the following occurred:

> [Defense counsel]: I think that I've pretty much argued that. The only other thing that I would ask the Court is if he would just consider, before making a ruling on punishment, a conversation with Mr. McPhee.
>
> Court: I can't do that at this time, counsel. It's ten minutes until six. I have a feeling Mr. McPhee would not be available even if I tried.

Both parties then rested on punishment and the court asked appellant if he had any legal reason why sentence should not be pronounced. Appellant responded, "[n]o," and the court remanded him into custody and set an appeal bond. The proceedings concluded without appellant lodging any objections.

3

Appellant filed a motion for new trial supported by affidavits. Among other allegations, he suggested error by the trial court in refusing to conduct a separate punishment hearing to present mitigating evidence and due process violations based in part on the trial court's bias against him due to a prior relationship between the trial court and his father.

We will address appellant's issues in a logical rather than sequential order. By issues three and four, appellant maintains his right to due process was violated where the court had a bias against him based on a prior incident with his father which affected sentencing, and the court erred in refusing to consider all the evidence before sentencing where the court refused to contact the McLennan County Community Supervision Officer to obtain his opinion on appellant's progress. We disagree.

After an adjudication of guilt, the trial court must give a defendant an opportunity to present evidence in mitigation of punishment. Issa v. State, 826 S.W.2d 159, 161 (Tex.Cr.App. 1992). When the trial court asked the defense if it had any punishment evidence to present, counsel urged the trial court to telephone McPhee. When the trial court declined to do so, appellant did not object. Furthermore, when asked by the trial court, he gave no reason why sentence should not be pronounced.

Although article 42.12, section 5(b) of the Texas Code of Criminal Procedure permits an appeal from assessment of punishment after an adjudication of guilt, it is still necessary to preserve the complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1)(A). *See also*

4

Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999). By issues three and four, appellant raises error in the punishment phase of the proceedings. The record demonstrates he was given an opportunity to present punishment evidence, and that is all that is required. *See* Pearson v. State, 994 S.W.2d 176, 179 (Tex.Cr.App. 1999) (en banc). Appellant's failure to object to the trial court's refusal to contact McPhee in McLennan County waives his complaint for appellate review. Issues three and four are overruled.

By his first and second issues, appellant contends the trial court erred in failing to refer a motion to recuse to another judge for consideration and in failing to consider or rule on the motion to recuse.[2] We disagree. Recusals in criminal cases are governed by Rule 18a of the Texas Rules of Civil Procedure. *See* De Leon v. Aguilar, 127 S.W.3d 1, 5 (Tex.Cr.App. 2004). *See also* Arnold v. State, 853 S.W.2d 543, 544 (Tex.Cr.App. 1993) (en banc). Rule 18a(a) provides that at least ten days prior to a trial date or other hearing, a party may file a motion stating the ground why a judge should not sit on a case.

The criminal law has developed to allow a criminal trial judge to make an initial determination on whether the motion conforms with the mandatory requirements of Rule 18a. *Arnold*, 853 S.W.2d at 544-45. A trial judge's obligation to recuse or refer the motion does not come into play until a formal, timely written and verified motion is filed. Spigener v. Wallis, 80 S.W.3d 174, 180 (Tex.App.–Waco 2002, no pet.).

---

[2]Although appellant filed a "motion to disqualify," the substance of the document is a request for recusal based on bias. *Cf*. Tex. Code Crim. Proc. Ann. art. 30.01 (Vernon Supp. 2005).

5

The hearing on the State's motion to adjudicate was held on April 19, 2004, and appellant filed his recusal motion on May 19, 2004, the same date he filed his motion for new trial. He alleged the trial judge could not objectively rule on his motion for new trial. The motion to recuse was supported by an affidavit from appellant's father providing reasons for potential bias by the trial judge. According to the affidavit, appellant's father was terminated in 1993, when the trial judge was in private practice and represented appellant's father's employer. As a result of the termination, legal proceedings followed. During a hearing in 1994, appellant's father observed Judge Self prying into the father's brief case and confronted him about it. Harsh words were exchanged and appellant's father told Judge Self "he would regret the day he ever messed with [his] family."

Appellant's father also averred that he expressed concern about Judge Self to appellant's attorneys prior to the adjudication hearing, but a strategic decision was made not to file a motion to recuse out of fear it would aggravate any bias. He concluded that in hindsight the motion to recuse caused Judge Self to impose the maximum sentence.

Appellant concedes that timeliness of his motion to recuse is at issue. However, relying on George v. State, 20 S.W.3d 130 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd), he argues his motion was timely because it was directed at a hearing on the motion for new trial. The State urges that the motion to recuse should have been filed at least ten days prior to the adjudication hearing and that failure to do so waived any complaint of the denial

6

of an opportunity to have the motion heard by another judge. *See Arnold*, 853 S.W.2d at 544-45. *See also* DeBlanc v. State, 799 S.W.2d 701, 705 (Tex.Cr.App. 1990) (en banc).

In *George*, the defendant urged on appeal that the trial judge erred in presiding over the motion for new trial hearing because the judge's conduct during trial was the central issue to be decided. *Id*. at 136. No motion to recuse, however, was filed. The court of appeals suggested that a motion to recuse directed at the motion for new trial hearing could have attempted to foreclose the possibility of having a biased judge rule on the motion for new trial. *Id*. 138-39.

*George*, however, is distinguishable. The judge who presided over a jury trial left to attend a judicial conference before the jury returned a verdict. Another judge was asked to receive the verdict. After the jury indicated it was deadlocked, the judge instructed them to continue deliberating. Meanwhile, a plea agreement was being negotiated. Allegations were made that during plea discussions with the judge, the judge threatened, intimidated, and coerced a guilty plea from defendant. The grounds for possible recusal were not known until after trial. *See generally* Martin v. State, 876 S.W.2d 396, 397 (Tex.App.–Fort Worth 1994, no pet.) (noting that the ten-day requirement is not absolute and does not contemplate a situation in which a party cannot know the grounds for recusal until after the motion would no longer be timely). In the underlying case, the alleged reasons for recusal were known more than ten days prior to the hearing on the motion to adjudicate. We decline to apply *George* to the facts presented here. We conclude Judge Self's inaction on

7

the motion was not error. *See* Bruno v. State, 916 S.W.2d 4, 8 (Tex.App.–Houston [1st Dist.] 1995, no pet.). Issues one and two are overruled.

By his final issue, appellant contends the trial court erred in not setting a hearing on his motion for new trial that was accompanied by affidavits that established reasonable grounds to believe the allegations in the motion were true. We disagree. A defendant is entitled to a hearing on a motion for new trial if the motion and accompanying affidavits raise matters not determinable from the record upon which the defendant could be entitled to relief. Wallace v. State, 106 S.W.3d 103, 108 (Tex.Cr.App. 2003) (en banc). Additionally, the defendant must present the motion to the trial court. Rozell v. State, 176 S.W.3d 228, __ (Tex.Cr.App. 2005).

The record demonstrates the motion was timely presented to the trial court. *See* Tex. R. App. P. 21.6. By his motion for new trial and accompanying affidavits, appellant presented the following grounds for relief:

- he was sentenced without being given an opportunity to present punishment evidence;
- the trial court erred in refusing to contact his community supervision officer in McLennan County;
- the court erred in refusing to allow him to present evidence on the prosecutor's recommendation;
- the judgment and sentence were contrary to law; and
- his due process rights were violated because the trial court's decision was based in part on a prior relationship with his father.

8

As previously discussed, appellant was given an opportunity to present evidence in mitigation of punishment and failed to object when the trial court imposed sentence, thereby waiving any complaint regarding sentencing. Additionally, the judgment and sentence were not contrary to law. Article 42.12, section 5(b) of the Code of Criminal Procedure denies a defendant the right to appeal a trial court's decision to adjudicate guilt. Finally, appellant's argument that the trial judge's bias violated his due process rights was disposed of in his issues complaining of the trial court's refusal to recuse or refer the motion to recuse. We conclude there were no issues raised in the motion for new trial that were not already determinable from the record. Issue five is overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.

9