IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00368-CV

 

Freddie Lee Walker,

                                                                      Appellant

 v.

 

Janice O’Guin, E. Franco, 

and Victoria Dodson,

                                                                      Appellees

 

 

 



From the 12th District Court

Walker County, Texas

Trial Court No. 22046

 



MEMORANDUM  Opinion



 








          The trial court dismissed inmate
Freddie Lee Walker’s suit against various prison officials as frivolous under
Chapter 14 of the Civil Practice and Remedies Code.  Walker contends in five
issues that the court erred by: (1) requiring that the entire filing fee be
paid from his inmate trust account; (2) failing to state in the dismissal order
the precise statutory basis for dismissal; (3) dismissing his suit without
providing an opportunity to amend his pleadings; (4) failing to hold a hearing
on his motion for the Attorney General to show authority to represent the
defendants under Rule of Civil Procedure 12; and (5) failing to rule on his
motion to disqualify or recuse.  We will affirm.

Background

          Walker’s original petition stated a
claim for declaratory and injunctive relief and named only Janice O’Guin as a
defendant.  His claims relate to the alleged revocation of his status as a
trusty with outside work privileges.  The original petition was accompanied by
a request for issuance of summons, an affidavit of inability to pay costs, an
affidavit regarding prior lawsuits, and a letter stating that prison officials
would not provide a copy of his inmate trust account statement without a court
order.

          The court ordered the district clerk
to prepare a bill of costs and send a certified copy to Walker and to the
Department of Criminal Justice Trust Fund along with an order requiring that
twenty percent of the funds in Walker’s inmate account be withdrawn for payment
of the filing fee for his lawsuit and that ten percent of monthly deposits
thereafter be withdrawn for payment of the fee until the total fee was paid or
Walker was released from prison.

          The court also signed an order
requiring the Attorney General to: (1) review the pleadings and documents on
file for compliance with Chapter 14 and “file as amicus curiae an
advisory with the Court as to whether the inmate plaintiff has satisfied all of
the statutory requirements”; and (2) obtain authority to represent the
defendants and answer on their behalf within 60 days.

          Walker subsequently filed an amended
petition, adding additional allegations and naming E. Franco and Victoria
Dodson as additional defendants.  Walker’s amended petition was accompanied by
a request for summonses for Franco and Dodson.  He contemporaneously filed a
request for production and interrogatories.

          Walker filed an objection to the
court’s order to the Attorney General on the primary ground that he had sued
the named defendants in their individual capacities and not as representatives
of the State.  Walker also requested that the Attorney General show authority
to represent the defendants under Rule of Civil Procedure 12.

          Walker next filed an amended or
supplemental objection to this order.  In this document, Walker renewed his
objections to the order and also asked the trial judge to disqualify or recuse
himself because he had “already abused his discretion in issuing an unduly
vague ORDER for the Texas Attorney General to show authority to represent the
Respondent’s.”

          The Attorney General filed its amicus
advisory about one month after the court ordered same.  In this advisory, the
Attorney General stated its opinion that Walker had failed to comply with the
requirements of sections 14.004 and 14.006 of the Civil Practice and Remedies
Code and that the court could dismiss Walker’s suit for these reasons without a
hearing.

          The court later signed an order of
dismissal without conducting a hearing.

Payment of Court Costs

          Walker contends in his first issue
that the court erred by requiring that the entire filing fee be paid from his
inmate trust account.  Walker relies on the Supreme Court’s decision in Bonds
v. Texas Department of Criminal Justice, 953 S.W.2d 233 (Tex. 1997) (per
curiam).  However, Bonds is distinguishable.

          Section 14.006 of the Civil Practice
and Remedies Code provides in pertinent part:

(a) A court may order an inmate who has filed a
claim to pay court fees, court costs, and other costs in accordance with this
section and Section 14.007.  The clerk of the court shall mail a copy of the
court’s order and a certified bill of costs to the department or jail, as
appropriate.

 

(b) On the court’s order, the inmate shall pay
an amount equal to the lesser of:

 

(1) 20 percent of the preceding six months'
deposits to the inmate's trust account; or

 

          (2) the total amount of court fees and
costs.

 

(c) In each month following the month in which
payment is made under Subsection (b), the inmate shall pay an amount equal to
the lesser of:

 

          (1) 10 percent of that month’s
deposits to the trust account; or

 

          (2) the total amount of court fees and
costs that remain unpaid.

 

.  .  .  .

 

(f) The inmate shall file a certified copy of
the inmate’s trust account statement with the court.  The statement must
reflect the balance of the account at the time the claim is filed and activity
in the account during the six months preceding the date on which the claim is
filed.  The court may request the department or jail to furnish the information
required under this subsection.

 

.  .  .  .

 

Tex. Civ. Prac. & Rem.
Code Ann. § 14.006(a)-(c), (f)
(Vernon 2002).

          In Bonds, the defendant failed
to provide a copy of his inmate trust account statement as required by section
14.006(f).  See id. § 14.006(f).  In dismissing the suit, the trial
court simply taxed all court costs against the defendant without knowing
whether twenty percent of his inmate account was a lesser sum and without
limiting the order in the manner required by section 14.006.  See Bonds,
953 S.W.2d at 233.

          Here, Walker, like the defendant in Bonds,
did not provide a copy of his inmate trust account statement.  However, the
trial court in Walker’s case did not simply tax all court costs against him. 
Rather, the court strictly followed the percentages mandated by section
14.006.  Thus, no error is shown, and we overrule Walker’s first issue.

Adequacy of Dismissal Order

          Walker contends in his second issue
that the court erred by failing to state in the dismissal order the precise
statutory basis for dismissal.  The Fourteenth Court of Appeals has rejected a
similar complaint.

Chapter 14 of the Texas Civil Practice and
Remedies Code grants trial courts special power to summarily dismiss prisoner
suits, even in the absence of a hearing.  Compare Tex. Civ. Prac. Rem. Code Ann. § 14.003
(Vernon Supp. 2002) with Villarreal v. San Antonio Truck & Equip.,
994 S.W.2d 628, 630-31 (Tex. 1999) (dismissal under Texas Rule of Civil
Procedure 165a improper without giving notice of intent to dismiss stating
grounds).  We therefore hold the court’s failure to specifically state the
grounds for dismissal is not an abuse of discretion.

 

Retzlaff v. Tex. Dep’t of Criminal Justice, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

          We agree with this reasoning. 
Accordingly, we overrule Walker’s second issue.

Opportunity to Amend

          Walker contends in his third issue
that the court erred by dismissing his suit without providing an opportunity to
amend his pleadings.  However, Texas courts have consistently held that a trial
court has discretion to dismiss a suit as frivolous under Chapters 13 and 14 of
the Civil Practice and Remedies Code without providing such an opportunity.  See
Hughes v. Massey, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.); Bohannon
v. Tex. Bd. of Criminal Justice, 942 S.W.2d 113, 116 (Tex. App.—Austin
1997, writ denied); Aguilar v. Chastain, 923 S.W.2d 740, 745 (Tex.
App.—Tyler 1996, writ denied); Kendrick v. Lynaugh, 804 S.W.2d 153, 156
(Tex. App.—Houston [14th Dist.] 1990, no writ).  Accordingly, we overrule Walker’s third issue.

Attorney General’s Authority

          Walker contends in his fourth issue
that the court erred by failing to hold a hearing on his motion for the
Attorney General to show authority to represent the defendants under Rule of
Civil Procedure 12.

          Rule 12 provides:

          A party in a suit or proceeding
pending in a court of this state may, by sworn written motion stating that he
believes the suit or proceeding is being prosecuted or defended without
authority, cause the attorney to be cited to appear before the court and show
his authority to act.  The notice of the motion shall be served upon the
challenged attorney at least ten days before the hearing on the motion.  At the
hearing on the motion, the burden of proof shall be upon the challenged
attorney to show sufficient authority to prosecute or defend the suit on behalf
of the other party.  Upon his failure to show such authority, the court shall
refuse to permit the attorney to appear in the cause, and shall strike the
pleadings if no person who is authorized to prosecute or defend appears.  The
motion may be heard and determined at any time before the parties have
announced ready for trial, but the trial shall not be unnecessarily continued
or delayed for the hearing.

 

Tex. R. Civ. P. 12.

          Here, the Attorney General appeared as
amicus curiae,[1] a
friend of the court, and not as the defendants’ representative.  Therefore,
Rule 12 does not apply, and we overrule Walker’s fourth issue.

 

 

Disqualification or Recusal

          Walker contends in his fifth issue
that the court erred by failing to rule on his motion to disqualify or recuse.

          When presented with a proper motion to
disqualify or recuse himself, a trial judge must disqualify or recuse himself,
or he must request that the presiding judge of the administrative judicial district
assign another judge to hear the motion.  Tex.
R. Civ. P. 18a(c); Spigener v. Wallis, 80 S.W.3d 174, 180 (Tex. App.—Waco 2002, no pet.).  Rule 18a(a) requires that such a motion be verified.  Tex. R. Civ. P. 18a(a); Barron v.
Attorney Gen. of Tex., 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.);
Spigener, 80 S.W.3d at 181; Gill v. Tex. Dep’t of Criminal Justice,
8 S.W.3d 576, 579 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

          Walker did not verify his motion to
disqualify or recuse, nor did he support it with an unsworn declaration as
provided by section 132.001 of the Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 132.001 (Vernon 2005).  Therefore, the trial judge did not err by failing to
disqualify or recuse himself or to refer the motion to the presiding judge of
the administrative judicial district.  See Barron, 108 S.W.3d at 382-83;
Spigener, 80 S.W.3d at 181; see also Gill, 3 S.W.3d at 579 (holding
inmate waived right to complain of court’s failure to rule on recusal motion
because the motion was not verified or supported by unsworn declaration).

          However, a trial judge’s
disqualification cannot be waived.  Spigener, 80 S.W.3d at 180; Zarate
v. Sun Operating, Ltd., 40 S.W.3d 617, 621 (Tex. App.—San Antonio 2001, pet.
denied).  A trial judge may be disqualified under either article V, section 11
of the Texas Constitution or section 74.053 of the Government Code (applicable
to assigned judges).  See Spigener, 80 S.W.3d at 179.  Because the trial
judge in Walker’s case is the elected judge and not sitting by assignment, section
74.053 does not apply.

          Article V, section 11 provides in
pertinent part:

          No judge shall sit in any case wherein
the judge may be interested, or where either of the parties may be connected
with the judge, either by affinity or consanguinity, within such a degree as
may be prescribed by law, or when the judge shall have been counsel in the
case.

 

Tex. Const. art. V, § 11.  

          Walker alleged in his motion that the
trial judge is disqualified because the judge had “already abused his
discretion in issuing an unduly vague ORDER for the Texas Attorney General to
show authority to represent the Respondent’s.”  This does not constitute any of
the grounds for disqualification specified in article V, section 11.  Thus, Walker’s motion does not state a valid basis for disqualification, and any error in the
trial judge’s failure to refer Walker’s motion to the presiding judge of the
administrative judicial district is harmless.  Spigener, 80 S.W.3d at
181.  Accordingly, we overrule Walker’s fifth issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed January 10, 2007

[CV06]









[1]
          Black’s Law Dictionary defines
the term “amicus curiae” as follows:

 

A person who is not a party to a lawsuit but who
petitions the court or is requested by the court to file a brief in the action
because that person has a strong interest in the subject matter.

 

Black’s Law Dictionary 93 (8th ed. 2004).