**Affirmed and Opinion Filed December 28, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01098-CV

**TRACI R. JONES AND SHARON M. COTTON, Appellants**
**V.**
**RANDY STINSON, LANE GRAYSON, PAUL PERRY, KYLE BUTLER, TODD LITTLE, AND KRYSTAL VALDEZ, Appellees**

**On Appeal from the 40th District Court**
**Ellis County, Texas**
**Trial Court Cause No. 108946**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Partida-Kipness[1]

Appellants Traci R. Jones and Sharon M. Cotton appeal an order granting a plea to the jurisdiction and dismissing their suit. Appellants are Ellis County voters who filed suit over Ellis County's use of allegedly uncertified electronic voting machines. We construe their pro se brief to assert four issues: (1) the trial court erred in granting the plea to the jurisdiction, (2) the trial court erred by not granting

---

[1] This case was transferred to this Court from the Court of Appeals for the Tenth District of Texas at Waco, by an order of the Supreme Court of Texas dated September 27, 2022, Misc. Docket No. 22-9083.

declaratory relief, (3) the trial court erred by not granting injunctive relief, and (4) the trial court's ruling resulted from judicial bias. We affirm.

## BACKGROUND

Jones and Cotton (together, Jones) filed suit against six Ellis County elected officials in their official capacities: Randy Stinson, Ellis County Commissioner Precinct 1; Lane Grayson, Ellis County Commissioner Precinct 2; Paul Perry, Ellis County Commissioner Precinct 3; Kyle Butler, Ellis County Commissioner Precinct 4; Todd Little, Ellis County Judge; and Krystal Valdez, Ellis County Clerk (the Officials). Jones claimed the Officials permitted use of electronic voting machines which were improperly certified by the Texas Secretary of State. According to Jones, these machines were used in Ellis County elections in 2020, 2021, and 2022.[2] Jones broadly alleged the voting machines are vulnerable to hacking and manipulation by unauthorized persons, and this vulnerability creates a risk that Jones's votes might not be counted properly.

Jones alleged the Officials' use of these voting machines violated provisions of the Texas Elections Code and Jones's federal and state constitutional rights, including rights to due process and equal protection. Jones sought only declaratory and injunctive relief. Among other things, Jones asked the trial court to declare the Officials violated the law and that the certifications of the electronic voting systems were void. Jones also requested the trial court enjoin the Officials from requiring or

---

[2]  Jones filed this suit between the 2022 primary and general elections.

–2–

permitting use of electronic voting machines, implementing or enforcing certification of voting systems not compliant with law, and destroying any election records from the 2020, 2021, and 2022 elections.

The Officials filed a plea to the jurisdiction, raising issues of Jones's standing, mootness, and governmental immunity. The trial court held a hearing and granted the plea to the jurisdiction. Jones appealed.

## STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's jurisdiction to hear the case. *Abbott v. Mexican Am. Legis. Caucus*, 647 S.W.3d 681, 689 (Tex. 2022). We review a trial court's order granting or denying a plea to the jurisdiction de novo. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010). We consider the pleadings, factual assertions, and all relevant evidence in the record. *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018). Pleadings are construed liberally in favor of the plaintiff to determine whether the facts alleged affirmatively demonstrate the court's jurisdiction to hear the matter. *Id*. The trier of fact resolves the jurisdictional issue if evidence in the record raises a fact issue; however, the trial court rules as a matter of law if the evidence is undisputed or fails to raise a fact question. *Id*. The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012).

# ANALYSIS

## I.    Scope of the Appeal

Before addressing Jones's arguments, we must address the proper scope of the appeal. Jones submits two "Issues Presented" in her brief. One of the issues has ten discrete subparts.[3] However, these are general constitutional or legal questions

---

[3]    We quote the two issues and ten subparts:

1.  Appellant brought this cause as Emergency Petition. The clerks/courts did not treat the petition as such.

2.  Appellant will file a constitutional challenge to election statute.

*Constitutional Issues* (Pet. pg. 4-5):

a.  If the electronic voting systems are not lawfully certified in compliance with voting system standards, does it impede the Appellants' lawful vote in elections? TEX. CONST. art. VI § 4, U.S. CONST. amend 15.

b.  If the electronic voting systems and their various devices are not lawfully certified, does it cause the Appellants to cast illegal ballots? 52 U.S.C. § 10307(a), Due Process Clause.

c.  Since Texas officials presented uncertified voting systems as certified, did they abridge the Appellants' federally protected right to vote, as well as affronted TEX. PEN. CODE § 37.03, § 37.09, § 37.10, 18 U.S.C. § 245.

d.  Would it dilute the expressed intent and effectiveness of the Appellants' voice if the electronic voting systems and their various devices are vulnerable to hacking, tampering, and algorithmic preprogramming? TEX. CONST. art. VI §4, Right to Vote Clause.

e.  If the electronic voting systems are unreliable mechanisms for accurately collecting, retaining, and communicating the expression of the Appellants' vote, is it acceptable to injure the Appellants' voice and will under the Constitutional premise of the consent of the governed? Declaration of Independence, Guarantee Clause.

f.  Were Constitutionally protected free and fair elections negatively impacted by Texas officials' modification of election laws? TEX. ELEC. CODE § 276.019 and TEX. CONST. art. I § 28.

g.  If the acting representative servants were unlawfully elected as a result of unreliable, unlawful vote collection devices are they acting in their official capacity? TEX. CONST. art. I § 19 and §29.

h.  Would they not, then, be impersonating public servants? TEX. PEN. CODE § 37.11.

i.  The "elected" officials within the Texas courts prevent a fair hearing of cases involving the election. Where can Appellants find an objective perspective without being denied redress of grievances? TEX. CONST. art. I § 3, § 13 § 27, and U.S. CONST. amend 1.

j.  What is the Constitutional remedy for the usurpation of the Appellants' role as the underlying governmental authority, and for forcing the Appellants to participate in their

that largely go to the substantive merits of Jones's claims. The substantive merits of Jones's claims are not properly at issue in this appeal. *See Ramsey v. Miller*, No. 02-22-00412-CV, 2023 WL 3645468, at *2 (Tex. App.—Fort Worth May 25, 2023, pet. denied) (mem. op.). Further, Jones's brief often deviates from her "Issues Presented." Pro se litigants like Jones must comply with the applicable procedural rules and substantive law. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Light v. Vistra Energy*, No. 10-18-00330-CV, 2021 WL 4777098, at *2 (Tex. App.—Waco Oct. 13, 2021, no pet.) (mem. op.).

We construe Jones's brief to assert four issues: (1) the trial court erred in granting the Officials' plea to the jurisdiction, (2) the trial court erred by not granting declaratory relief, (3) the trial court erred by not granting injunctive relief, and (4) the trial court's ruling resulted from judicial bias. We address each issue in turn.

## II.    Plea to the Jurisdiction and Jones's Standing

Jones contends the trial court erred by granting the Officials' plea to the jurisdiction. In their plea to the jurisdiction, the Officials asserted: (1) Jones lacked standing, (2) Jones's claims were moot, and (3) the Officials are protected by governmental immunity. We first address Jones's standing.

Standing is a constitutional prerequisite to maintaining suit. *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). We review

---

own servitude through fraudulent policies, systems, and measures? TEX. CONST. art. I § 29, U.S. CONST. amend 13 § 1 and U.S. CONST. amend. 10.

questions of standing de novo. *Farmers Texas Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020). This is because standing is a component of subject matter jurisdiction. *Id.* In applying a de novo standard of review to a standing determination, reviewing courts construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties. *Id.*

Texas courts look to U.S. Supreme Court precedent to establish the three essential elements of standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Heckman*, 369 S.W.3d at 154-55 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Ordinarily, a citizen lacks standing to bring a lawsuit challenging the lawfulness of governmental acts. *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001). "This is because governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review." *Andrade v. Venable*, 372 S.W.3d 134, 136–37 (Tex. 2012) (citations omitted). Unless standing is conferred by statute, a plaintiff must show that she has suffered a particularized injury distinct

from the general public. *Id.* This bar against generalized grievances applies to suits brought by citizens as voters. *Id.*

Here, the basis of Jones's complaint is the Officials permitted use of uncertified electronic voting systems in Ellis County elections, thereby violating the Elections Code and Jones's constitutional rights.

Our supreme court has addressed a similar challenge to the use of electronic voting machines on the basis they violated constitutional rights. *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 15 (Tex. 2011). There, the plaintiffs alleged the devices were vulnerable to hackers, compromising vote secrecy. *Id.* The plaintiffs also argued the lack of paper ballots undermined the integrity of the election process. *Id.* The court concluded such allegations "amount only to a generalized grievance shared in substantially equal measure by all or a large class of citizens." *Id.* And, the "voters' secret ballot allegations involve only hypothetical harm, not the concrete, particularized injury standing requires." *Id.*

Similarly, Jones has not alleged an injury that is "concrete and particularized." Statements from Jones's petition disclose the generalized nature of her claims (emphasis ours):

> [This] is an action to bring transparency, fairness, honesty, and quality to Texas elections and to hold responsible, those government officials who violate the equal protection and due process rights of Petitioners (*and all Texas citizens*) guaranteed by the Texas Constitution . . . Petitioners (*and all Texas citizens*) have a fundamental right to the clearly established principles of election equality, integrity, accurateness, honesty, and justice.

***

Petitioner(s) seek a Declaratory Order that the Respondents adhere to the constitutionally protected process of *collecting and counting votes* that ensures integrity and transparency.

***

Each day Petitioner(s) has suffered irreparable harm living under a government that no longer represents we the people and deprives us, the Petitioners *and all voters of the state of Texas*, of the Republic that the Constitution of the State of Texas and United States Constitutions outline as protection from a tyrannical government.

***

Respondents [sic] conduct has and will continue to violate *the rights of citizens of Texas . . . .*"

Jones does not allege a unique injury, but only a possible flaw in the voting machines that would affect all voters equally. Jones's complaints about the Officials' use of the electronic voting machines are the type of generalized grievances the courts cannot adjudicate. *NAACP of Austin*, 345 S.W.3d at 15-16; *Vieira v. Hudman*, No. 14-22-00678-CV, 2023 WL 5623481, at *4 (Tex. App.—Houston [14th Dist.] Aug. 31, 2023, no pet.) (mem. op.) (addressing similar challenge to use of electronic voting machines and concluding plaintiff lacked standing)[4]; *Ramsey*, 2023 WL 3645468, at *4 (same).

Further, Jones has not alleged an "actual or imminent" injury. Statements from Jones's petition, the hearing on the plea to the jurisdiction, and her appellate brief describe only the *possibility* of harm:

---

[4] Jones's "Issues Presented" mirror those in *Vieira. Vieira*, 2023 WL 5623481, at *2 n.3.

Electronic Voting Systems are inherently vulnerable to improper manipulation of votes and vote totals.

*** 

I want to know, as a voting citizen, that my vote actually counted, was not diluted, was not misaligned or the machines were hacked, and I don't know that for sure.

***

The uncertified, computerized equipment is, by nature, vulnerable to manipulation by unauthorized persons . . . .

As our supreme court noted, "[a]ll voting systems are subject to criminal manipulation." *NAACP of Austin*, 345 S.W.3d at 15. However, there is no evidence or allegation the electronic voting machines have ever been manipulated in any Ellis County election. *See id*. Jones alleged an injury that is merely "conjectural" or "hypothetical" and thus she has not established standing. *Vieira*, 2023 WL 5623481, at *4; *Ramsey*, 2023 WL 3645468, at *4.

Further, Jones has not shown her alleged injuries are "fairly traceable" to the Officials' action and not the result of the independent action of a third party not before the court. The heart of Jones's complaint is the voting machines were not certified in accordance with state and federal standards before use in the elections. However, the Officials do not certify the machines. The Texas Secretary of State is responsible for certifying voting machines. TEX. ELEC. CODE § 122.031(a). The commissioners court may adopt a secretary-approved voting system for use in general elections, and the county executive committee of the political party holding a primary may adopt the system for primary elections. *Id.* § 123.001(b). But when

the crux of Jones's suit is the lack of voting machine certification, it is difficult to conclude her injury is fairly traceable to the Officials' mere adoption of a voting system previously approved by the Secretary of State. *See Ramsey*, 2023 WL 3645468, at *5 (appellants failed to show a causal connection between Parker County's use of electronic voting machines and the potential injury they alleged.).

And, even if the alleged injuries were fairly traceable to the Officials' conduct, Jones has not shown it is "likely" the injury will be "redressed by a favorable decision." *See Heckman*, 369 S.W.3d at 154-55. The Secretary of State is not a party to this suit. Any declaratory or injunctive relief against the Officials would not bind the Secretary of State regarding its voting machine certifications. Nor would such relief bind any of the other counties using electronic voting machines. *See* TEX. R. CIV. P. 683 (injunction is binding "only upon the parties to the action, their officers, agents, servants, employees, and attorney, and . . . those persons in active concert or participation with them . . . ."); *Ex parte Davis*, 470 S.W.2d 647, 648 (Tex. 1971).[5]

Jones alleged the use of electronic voting equipment "creates large, invisible risks of vote dilution and/or alteration" and violates "the rights of Texans." She also alleged the injury is "widespread." Considering Jones's allegations of the possibility

---

[5]     A report from the Texas Secretary of State, "Voting Systems by County," indicates the electronic voting system of which Jones complains, Election System and Software (ES&S), is used by 143 Texas counties on thousands of voting machines. Tex. Sec'y of State, VOTING SYSTEMS BY COUNTY (Feb. 18, 2022, 10:21 AM), https://www.sos.state.tx.us/elections/forms/sysexam/voting-sys-bycounty.pdf.

of statewide vote tampering, relief against Ellis County officials would not redress her alleged injuries. Ultimately, Jones failed to demonstrate standing.

We recognize that in *NAACP of Austin*, the supreme court held voters had standing to assert a denial of equal protection based on their complaint they were forced to use a specific electronic voting system adopted by Travis County while absentee voters, members of the military, and voters living in counties other than Travis County were not. *NAACP of Austin*, 345 S.W.3d at 6-11. But unlike the voters in that case, Jones did not specifically allege disparate treatment. Her petition makes passing references to equal protection and includes this statement in her request for emergency relief: "A voting system that counts ballots cast by some voters using different standards from ballots cast by other voters also violates the Equal Protection rights of the voters." But even if this vague assertion were sufficient to assert an equal protection claim, Jones still lacks standing where the injury is not fairly traceable to the Officials' conduct and relief against the Officials would not likely redress the alleged injury.

Because Jones lacked standing, the trial court correctly granted the Officials' plea to the jurisdiction. We overrule Jones's first issue.[6]

---

[6] Because Jones lacked standing to assert her claims, we need not address mootness or governmental immunity. TEX. R. APP. P. 47.1.

## III.   Declaratory and Injunctive Relief

In issue two, Jones contends the trial court erred by failing to grant declaratory relief. In issue three, Jones asserts the trial court erred by failing to grant injunctive relief. We address these issues together.

In her prayer for relief, Jones requested the trial court declare: (1) Officials violated the Texas Constitution and state laws, (2) certifications of the electronic voting systems are void, and (3) the institution of the certification policies is arbitrary and capricious and without regard to required procedures. Jones prayed the trial court enjoin the Officials from: (1) requiring or permitting use of electronic voting machines, (2) implementing or enforcing certification of voting systems not compliant with law, and (3) destroying any election records from the 2020, 2021, and 2022 elections.

To support her claims for declaratory relief, Jones invoked the federal Declaratory Judgment Act, 28 U.S.C. § 2201. That statute permits declaratory actions in federal courts and has no application here. *Id.* The Texas analog is the Uniform Declaratory Judgments Act. TEX. CIV. PRAC. & REM. CODE §§ 37.001-.011. But a plaintiff suing under the declaratory judgment statutes must establish standing to properly invoke the trial court's subject matter jurisdiction. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *see also Malik v. United States Dep't of*

*Homeland Sec.*, 78 F.4th 191, 197 (5th Cir. 2023) (analyzing plaintiff's standing to pursue declaratory relief under federal Declaratory Judgment Act).

Similarly, Jones invoked federal and Texas law to support her claims for injunctive relief. But again, Jones had to establish standing before obtaining such relief. *Abbott v. Harris Cnty.*, 672 S.W.3d 1, 8 (Tex. 2023) ("[I]f standing is lacking, there can be no entitlement to a temporary injunction."); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 431, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) (standing required for each claim, including injunctive relief). Jones also contends section 273.081 of the Texas Election Code gives her standing to pursue injunctive relief. That statute authorizes injunctive relief for a person "who is being harmed or is in danger of being harmed by a violation or threatened violation of this code." TEX. ELEC. CODE § 273.081. Our supreme court has squarely addressed this issue and held section 273.081 does not create standing, "it merely authorizes injunctive relief." *NAACP of Austin*, 345 S.W.3d at 17. The statute still requires the plaintiff show how she has been injured or damaged other than as a member of the general public. *Id.* Jones has made no showing the Officials' use of the electronic voting machines harmed her other than as a member of the general public.

Because Jones failed to establish standing, her claims for declaratory and injunctive relief fail. *See NAACP of Austin*, 345 S.W.3d at 15-18. We overrule issues two and three.

## IV.    Judicial Bias

In her fourth issue, Jones contends the trial court's ruling resulted from judicial bias and the trial judge should have recused himself.

Texas Rule of Civil Procedure 18b provides that a judge shall recuse himself in any proceeding in which his impartiality "might reasonably be questioned" or in which he has "a personal bias or prejudice concerning the subject matter or a party." *Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 776 (Tex. App.—Dallas 2011, no pet.) (quoting TEX. R. CIV. P. 18b). Rule 18a requires a motion to recuse to be filed at least ten days before "the date set for trial or other hearing." TEX. R. CIV. P. 18a(b)(1). A party who fails to file a motion which complies with Rule 18a waives the right to complain of a judge's refusal to recuse himself. *Spigener v. Wallis*, 80 S.W.3d 174, 180 (Tex. App.—Waco 2002, no pet.).

Issues of constitutional disqualification cannot be waived and can be raised at any time. *In re H.M.S.*, No. 05-09-01456-CV, 2011 WL 3905926, at *1 (Tex. App.—Dallas Sept. 7, 2011, pet. denied) (mem. op.) (citing *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982)). However, only in extreme cases would disqualification because of bias and prejudice be constitutionally required. *State v. Volkswagen Aktiengesellschaft*, No. 21-0130, 2022 WL 17072342, at *2 (Tex. Nov. 18, 2022). Mere allegations of bias and prejudice typically are not enough to sustain claims that constitutional due process rights have been violated. *Id.* Texas judges are presumed to act impartially. *Id.* at *4. A clear showing of bias is necessary to rebut

–14–

this presumption. *Id.* (citing *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006)).

Jones did not raise the judicial bias complaint below. She did not file a motion to recuse in compliance with Rule 18a. Jones has waived the issue. *Spigener*, 80 S.W.3d at 180. Further, to present an issue to this Court, a party's brief shall contain, among other things, a clear and concise argument for the contention made with appropriate citations to authorities and the record. *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.) (citing TEX. R. APP. P. 38.1); *In re T.B.*, 641 S.W.3d 535, 540 (Tex. App.—Waco 2022, pet. denied). When a party fails to adequately brief a complaint, he waives the issue on appeal. *In re N.E.B.*, 251 S.W.3d at 212; *In re T.B.*, 641 S.W.3d at 540. Jones offers only vague statements and citations regarding judicial bias. She fails to explain, with citations to the record and relevant law, why the trial judge's ruling was the result of judicial bias. Jones has presented little for review. *In re T.B.*, 641 S.W.3d at 540.

Jones's brief vaguely suggests she was denied due process because of a judicial conflict of interest. Jones asserts bias arises because her case involves electronic voting machines, and judges "presid[e] over the methods and mechanisms" through which the judges are elected. Even if Jones's brief raises a constitutional disqualification issue, her argument fails. This case was not decided by an Ellis County judge. After Jones filed her petition, the presiding judge of the Ellis County 40th Judicial District Court, the Hon. Bob Carroll, recused himself to

avoid any potential conflicts of interest. The Hon. Charles Stokes, senior judge of the Dallas County 68th Judicial District Court, was then assigned to hear the case. Judge Stokes conducted the hearing on the plea to the jurisdiction and signed the order granting the Official's plea. Jones has not articulated any bias by Judge Stokes to sustain an alleged due process violation. *See Volkswagen*, 2022 WL 17072342, at *2. We overrule Jones's fourth issue.

## CONCLUSION

Jones failed to establish standing to bring suit. The trial court lacked subject matter jurisdiction and properly granted the Officials' plea to the jurisdiction. Further, Jones failed to establish any ground for judicial bias. Accordingly, we affirm the judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
221098F.P05                     JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TRACI R. JONES AND SHARON
M. COTTON, Appellants

No. 05-22-01098-CV     V.

RANDY STINSON, LANE
GRAYSON, PAUL PERRY, KYLE
BUTLER, TODD LITTLE, AND
KRYSTAL VALDEZ, Appellees

On Appeal from the 40th District
Court, Ellis County, Texas
Trial Court Cause No. 108946.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that appellees RANDY STINSON, LANE GRAYSON,
PAUL PERRY, KYLE BUTLER, TODD LITTLE, AND KRYSTAL VALDEZ
recover their costs of this appeal from appellants TRACI R. JONES AND
SHARON M. COTTON.

Judgment entered this 28th day of December, 2023.